1  ELIZABETH A. SPERLING - State Bar No. 231474
   esperling@glaserweil.com
2  ALEXANDER R. MILLER - State Bar No. 294474
   amiller@glaserweil.com
3  **GLASER WEIL FINK HOWARD**
     **JORDAN & SHAPIRO LLP**
4  600 W. Broadway, Suite 2850
   San Diego, CA 92101
5  Telephone:  (619) 765-4380
   Facsimile:  (619) 483-0646
6
7  Attorneys for Defendant
   AssureHire, Inc.

8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11

12  RUBEN FLORES,                          Case No.: 2:25-cv-01621-WLH-SK

13                    Plaintiff,           Assigned to Hon. Wesley L. Hsu

14  v.                                     **MEMORANDUM OF POINTS AND
                                           AUTHORITIES IN SUPPORT OF
15  ASSUREHIRE, INC.,                      DEFENDANT ASSUREHIRE, INC.'S
                                           MOTION TO DISMISS PURSUANT
16                    Defendant.           TO FED. R. CIV. P. 12(b)(6)**

17                                         Hearing Date:  May 30, 2025
                                           Hearing Time:  1:30 p.m.
18                                         Courtroom:     9B

19
                                           Complaint filed:  February 26, 2025
20                                         Trial Date:        Not set

21

22

23

24

25

26

27

28

3049285

Glaser Weil

1

## **<u>TABLE OF CONTENTS</u>**

2
<u>Page</u>

3  I.    INTRODUCTION ................................................................. 6

4  II.   BACKGROUND ................................................................. 8

5        A.   Plaintiff's Claims ................................................. 8

6        B.   The Disputed Report ............................................ 10

7        C.   The Parties' Meet And Confer Efforts ..................... 11

8  III.  LEGAL STANDARD ....................................................... 11

9  IV.   ARGUMENT .................................................................. 12

10       A.   The Complaint Fails To State A Claim Under 15 U.S.C. §
11            1681e(b) ............................................................. 12

12            1.   Plaintiff Fails To Allege Facts Showing The Report
                   Contains Inaccurate Information ......................... 12

13            2.   Plaintiff Fails To Allege Facts Showing Any Inaccuracy
                   Was Due To AssureHire's Failure To Follow Reasonable
14                 Procedures To Assure Maximum Possible Accuracy .............. 14

15       B.   The Complaint Fails To State A Claim Under 15 U.S.C. §
              1681k(a) ............................................................. 16
16
              1.   AssureHire Provided The Report To Plaintiff And The
17                 Employer At The Same Time ................................ 17

18            2.   Plaintiff Fails To Allege Facts Showing AssureHire Did Not
                   Maintain Strict Procedures To Insure Its Report Was
19                 Complete And Up To Date ................................... 18

20       C.   The Complaint Fails To Sufficiently Allege Any Facts Showing
              AssureHire Acted Willfully or Negligently ........................... 19

21       D.   The Complaint Fails To Sufficiently Allege Any Facts Showing
22            Plaintiff Suffered Actual Damages .................................. 20

23       E.   The Complaint Fails To State A Claim Under Cal. Civ. Code §
              1785.14 ............................................................. 22

24  V.   CONCLUSION .............................................................. 23

25

26

27

28

2

3049285

# TABLE OF AUTHORITIES

Page

## CASES

*Abbink v. Experian Info. Sols., Inc.*,
    No. SACV191257JFWPJWX, 2019 WL 6838705, (C.D. Cal. Sept. 20, 2019).................................................................................................................19

*Alvarez v. Galpin Motors, Inc.*,
    No. 222CV01598ODWMRWX, 2022 WL 1477421 (C.D. Cal. May 10, 2022)..........................................................................................................12, 16

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...............................................................................11

*Braun v. Trans Union LLC*,
    No. CV 19-06098-CJC(SKX), 2019 WL 13083348 (C.D. Cal. Oct. 10, 2019).................................................................................................................14

*Brooks v. Lundquist Consulting, Inc.*,
    No. 22-cv-01916-JST, 2023 WL 3581953, (N.D. Cal. Feb. 23, 2023) ........23

*Campbell v. Anniemac Home Mortgage*,
    No. 16-cv-08795, 2017 WL 8180578, (C.D. Cal. Feb. 23, 2017) ...............22

*Carvalho v. Equifax Info. Servs., LLC*,
    629 F.3d 876 (9th Cir. 2010)................................................................14, 22

*Doe v. Sterling Infosystems, Inc.*,
    No. CV1504770RGKAJWX, 2015 WL 13917196 (C.D. Cal. Dec. 21, 2015).................................................................................................................18

*Dutta v. State Farm Mut. Auto. Ins. Co.*,
    895 F.3d 1166 (9th Cir. 2018)...............................................................17, 21

*Galea v. Wells Fargo Bank, N.A.*,
    388 F. Supp. 3d 1212 (E.D. Cal. 2019).......................................................23

*Grigoryan v. Experian Info. Sols., Inc.*,
    84 F. Supp. 3d 1044 (C.D. Cal. 2014)........................................................22

*Guimond v. Trans Union Credit Info. Co.*,
    45 F.3d 1329 (9th Cir. 1995)..........................................................12, 14, 19

*Hawkins v. S2Verify LLC*,
    No. C 15-03502 WHA, 2016 WL 107197 (N.D. Cal. Jan. 11, 2016)...........16

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
    521 F.3d 1097 (9th Cir. 2008)....................................................................11

Glaser Weil

MEMORANDUM OF POINTS AND AUTHORITIES ISO
ASSUREHIRE, INC.'S MOTION TO DISMISS COMPLAINT

3049285

*Mnatsakanyan v. Goldsmith & Hull APC*,
  No. CV 12-4358 MMM PLAX, 2013 WL 10155707 (C.D. Cal. May 14,
  2013).................................................................................................................20

*Moss v. U.S. Secret Serv.*,
  572 F.3d 962 (9th Cir. 2009)..........................................................................11

*Olson v. Six Rivers Nat'l Bank*,
  111 Cal. App. 4th 1 (2003)..............................................................................22

*Riser v. Cent. Portfolio Control Inc.*,
  No. 3:21-CV-05238-LK, 2022 WL 2209648 (W.D. Wash. June 21, 2022). 12

*Robles v. AMPAM Parks Mech., Inc.*,
  No. EDCV 14-02362-VAP, 2015 WL 1952311 (C.D. Cal. Apr. 28,
  2015).................................................................................................................20

*Samia v. Experian Info. Sols., LLC*,
  2022 WL 298369, (S.D. Cal. Feb. 1, 2022) ...................................................22

*Sion v. SunRun, Inc.*,
  2017 WL 952953, (N.D. Cal. Mar. 13, 2017)................................................22

*Spokeo, Inc. v. Robins*,
  578 U.S. 330 (2016) ...............................................................................17, 21

*Syed v. M-I LLC*,
  No. CIV. 1:14-742 WBS, 2014 WL 4344746, (E.D. Cal. Aug. 28, 2014)...20

*W. Mining Council v. Watt*,
  643 F.2d 618 (9th Cir. 1981)....................................................................12, 15

*White v. Experian Information Sols., Inc.*,
  No. 2:23-CV-05591-DSF-PVC, 2024 WL 4846759 (C.D. Cal. Mar. 25,
  2024).................................................................................................................16

## **FEDERAL STATUTES**

15 U.S.C. § 1681.....................................................................................................7

15 U.S.C. § 1681e(b) .........................................................9, 11, 13, 14, 18, 22

15 U.S.C. § 1681k(a)(1) ...............................................................................9, 15

15 U.S.C. § 1681k(a)(2) .............................................................................15, 17

15 U.S.C. § 1681n(a) .........................................................................................18

15 U.S.C. § 1681o(a) .........................................................................................18

15 U.S.C. § 1681o(a)(1) .....................................................................................20

U.S.C. § 1681b..............................................................................................7, 11

4

3049285

## **STATE STATUTES**

Cal. Civ. Code § 1785.14.................................................................................9, 21

Cal. Civ. Code § 1785.14 (b).................................................................................22

## **FEDERAL RULES**

Fed. R. Civ. Proc., Rule 12(b)(6)................................................................11

MEMORANDUM OF POINTS AND AUTHORITIES ISO
ASSUREHIRE, INC.'S MOTION TO DISMISS COMPLAINT

3049285

# I.    <u>INTRODUCTION</u>

Plaintiff Ruben Flores' ("Plaintiff") action centers on his contention that Defendant AssureHire, Inc. ("AssureHire") falsely reported to Plaintiff's potential employer Patriot Environmental Services (the "Employer") that Plaintiff was recently convicted of driving under the influence, when in fact the conviction belonged to another Ruben Flores who also resides in California. Plaintiff claims that as a result he lost a *potential* job offer from Employer that was contingent, in part, on his passing a criminal background check. But that is only part of the story. As stated at the top of Plaintiff's Confidential Background Check Report from AssureHire dated December 5, 2024 (the "Report"), the Report explicitly "**does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation, but only that it is accurately copied from public records . . . .**" *See* AssureHire's Request for Judicial Notice ("RJN") Ex. A. That is why, when the report lists the public records that reflecting prior criminal conduct, the Report states only that Employer should "consider" such information in evaluating Plaintiff for employment.

Moreover, the Report was provided to Plaintiff at the same time as Employer. The fact that Plaintiff took no action with Employer to prove that the wrong Ruben Flores was identified in the Report for close to two (2) months is Plaintiff's neglect. And AssureHire can only run a background check on someone using the information provided by Employer. No facts are alleged that AssureHire did anything wrong by running a background check on "Ruben Flores" in California and providing results on "Ruben Flores" in California.

Plaintiff alleges he applied to Employer for a position as a full-time "Field Technician." Compl. ¶ 40. Although the Complaint is short on facts, presumably this position involves driving to different locations to perform field work. Thus, it was no doubt important to Employer that Plaintiff did not have DUIs or other criminal convictions on his record that made him unfit to safely drive. AssureHire, the background reporting agency trusted by Employer and countless other businesses to

6

3049285

1    provide confidential background check reporting on potential employees, has a duty to

2    provide accurate reporting. This allows businesses to make informed hiring decisions.

3         When AssureHire prepared Plaintiff's background check in this case it reported

4    on all criminal misconduct that Employer specifically requested. In this instance, it

5    turns out Plaintiff was not the same "Ruben Flores" listed in the relevant criminal

6    records. But AssureHire can only run searches on individuals using the information

7    provided by prospective employers. It also appears that Employer failed to provide

8    Plaintiff with the required statutory notice before rescinding Plaintiff's job offer based

9    on the Report. *See* 15 U.S.C. § 1681b. Although unfortunate, this is not grounds for a

10   claim against AssureHire. AssureHire accurately reported available public records

11   information based on information provided by Employer and then promptly updated

12   the Report after Plaintiff brought the discrepancy to its attention nearly two months

13   later. Once the discrepancy was corrected, Plaintiff quickly received another job offer

14   from Employer. Thus, Plaintiff has no damages and no injury in fact as against

15   AssureHire.

16        As set forth below, besides being directed at the wrong party, Plaintiff's claims

17   against AssureHire all fail because Plaintiff fails to allege sufficient, well-pleaded facts

18   to establish any of his claims. In particular, Plaintiff fails to establish that AssureHire

19   reported anything that was inaccurate, that AssureHire failed to provide proper notice

20   of the Report to Plaintiff, or that AssureHire acted either negligently or willfully in

21   doing so—let alone that Plaintiff actually suffered any damages.

22        Despite repeatedly and extensively meeting and conferring on these issues,

23   Plaintiff was unwilling to amend his Complaint in any way to address the deficiencies

24   identified in this Motion to Dismiss. Accordingly, for the reasons set forth below,

25   AssureHire requests that the Court grant its Motion and dismiss Plaintiff's Complaint

26   in its entirety.

27

28

**Glaser Weil**

3049285

## II.    BACKGROUND

### A.    Plaintiff's Claims

Plaintiff filed this action on February 26, 2025, alleging claims for violation of the Fair Credit Reporting Act (15 U.S.C. §§ 1681, *et seq.*) and the California Consumer Reporting Agencies Act (Cal. Civ. Code § 1785, *et. seq.*). Plaintiff alleges that in or around November 2024 he applied for employment as a Field Technician with Patriot Environmental Services. Compl. ¶ 41. On or about November 25, 2024, Plaintiff received a job offer from Employer contingent on passing a background check. *Id.* at ¶¶ 42-43. Employer ordered a criminal background check on Plaintiff from AssureHire. *Id.* at ¶ 45. On or about December 5, 2024, AssureHire completed its Report and provided the same to both Plaintiff and Employer. *Id.* at ¶ 46; *see* RJN Ex. A.

Plaintiff alleges that the Report included a misdemeanor DUI conviction for a Ruben Flores in Madera County, California. *See* Compl. ¶¶ 48-53. Plaintiff contends that AssureHire generated this Report "in accordance with its standard procedures," but does not allege what those procedures are. *Id.* at ¶ 46. Instead, Plaintiff alleges that "[c]riminal background checks are generally created by running automated searches through giant databases of aggregated criminal record data" and involve "little to no manual, in-person review." *Id.* at ¶ 32. Plaintiff contends that a proper quality control of the Report "would have unmistakably revealed that Defendant was falsely attributing a misdemeanor DUI conviction to Plaintiff" based on "the mug shot in the public record, as well as clear discrepancies in [Plaintiff's] address history and Social Security number." *Id.* at ¶ 38. But Plaintiff does not allege that Employer provided AssureHire with Plaintiff's photo, address history, Social Security Number, or any other identifying information to differentiate him from any other Ruben Flores in California.

Plaintiff further alleges that, on or about December 13, 2024, he was notified by Employer that his employment offer had been rescinded as a result of the misdemeanor conviction listed in the Report. Compl. ¶ 61. Plaintiff claims he obtained a copy of the Report on or about December 18, 2024, and was shocked about the criminal conviction.

3049285

1   *Id.* at ¶ 62. Although he claims he "was very panicked" and "desperate" and "riddled
2   with worry" about being misidentified, he waited about six weeks to send an email
3   disputing that the Ruben Flores in the Report was not him. *Id.* at ¶¶ 63, 65.

4        It is noteworthy that Plaintiff is careful to sidestep the issue of when he actually
5   first obtained the Report. It was sent to him on December 5, 2024, simultaneously with
6   Employer. *See* RJN Ex. A; Miller Decl. ¶ 5. Plaintiff inexplicably waited until almost
7   two months — until January 26, 2025 — before sending AssureHire a simple email
8   saying, in essence, "that's not me" about the Report. *Id.* at ¶ 65. To support his dispute,
9   Plaintiff provided a copy of the mugshot of the criminal misdemeanant in the Report
10  and a copy of his driver's license, as without this information it was not readily apparent
11  that Plaintiff and the misdemeanant were not the same person. *Id.* at ¶ 69.

12       Very quickly thereafter, just two days later, on January 28, 2025, AssureHire
13  provided Plaintiff with an updated report no longer listing the DUI conviction. *Id.* at ¶
14  72. Thus, had Plaintiff acted with diligence when he first received the Report on
15  December 5, 2024, no doubt he could have cleared up the discrepancy very quickly and
16  avoided all of the problems that resulted from his conditional offer of employment
17  being rescinded.

18       Plaintiff sent a copy of the new report to Employer and was informed that they
19  would issue Plaintiff a new offer letter. *Id.* at ¶ 73. Plaintiff did receive a second job
20  offer from Employer on or about February 14, 2025, with a proposed start date of March
21  3, 2025. *Id.* at ¶ 74. Plaintiff fails to allege whether he accepted the second job offer.

22       On the basis of these allegations, Plaintiff asserts three claims against AssureHire
23  for: (1) failure to follow reasonable procedures to assure the maximum possible
24  accuracy of the report under 15 U.S.C. section 1681e(b); (2) failure to follow
25  reasonable procedures to assure the maximum possible accuracy of the report under
26  California Civil Code section 1785.14; and (3) failure to provide "at the time notice" to
27  both Plaintiff and Employer and failure to maintain and follow strict procedures to

28

9

3049285

1  ensure that adverse public record information is complete and up to date under 15

2  U.S.C. § 1681k(a).

3      **B.    The Disputed Report**

4      Although referenced throughout Plaintiff's Complaint, notably absent from the

5  Complaint is a copy of the actual AssureHire Report on which Plaintiff's action is

6  based. As this Report is integral to the determination of whether Plaintiff has adequately

7  stated any claim for relief, AssureHire has requested that the Court take judicial notice

8  of this document, the authenticity of which is undisputed and indisputable. *See* RJN.

9      Critically, for purposes of this Motion, the Report begins with the following

10  disclosure in bold lettering:

11
**This report does not guarantee the accuracy or truthfulness of the
information as to the subject of the investigation, but only that it is
12
accurately copied from public records, and information generated as
a result of identity theft, including evidence of criminal activity, may
13
be inaccurately associated with the consumer who is the subject of
the report.**
14

15  *See* RJN Ex. A. The Report also states on its face that it was prepared for Employer,

16  Patriot Environmental Services, and that the Report was completed on December 5,

17  2024. The Report then lists a number of criminal records databases that were searched

18  with Plaintiff's name with the "status/score" as "complete" or "clear," and lists one

19  potential match with Plaintiff's name in Madera County as "consider." The summary

20  of this potential match, which forms the basis of Plaintiff's claims, also includes the

21  word "consider" in the upper right hand corner and indicates that the potential match is

22  "[c]onfirmed by NAME/DOB." *See* Compl. ¶ 48. Plaintiff does not argue that

23  AssureHire ran its search using the wrong name or date of birth, or that the information

24  presented was inaccurately transcribed from public records. The Report concludes with

25  four pages of disclosures summarizing Plaintiff's rights under the Fair Credit Reporting

26  Act ("FCRA") and the California Consumer Credit Reporting Agencies Act

27  ("CCRAA").

28

**Glaser Weil**

MEMORANDUM OF POINTS AND AUTHORITIES ISO
ASSUREHIRE, INC.'S MOTION TO DISMISS COMPLAINT

3049285

1

**C.** **The Parties' Meet And Confer Efforts**

2      In accordance with Local Rule 7-3 and the Court's Standing Order, counsel for

3   the parties met and conferred extensively in advance of this Motion, including by

4   videoconference on April 4, 2025, by telephone on April 8, 2025, and also by email.

5   *See* Miller Decl. ¶¶ 2-6. During those meet and confers, Defendant's counsel discussed

6   at length the issues raised in this Motion and sought to narrow the issues if possible or

7   an agreement from Plaintiff's counsel to amend the Complaint to avoid unnecessary

8   motion practice. Unfortunately, Plaintiff's counsel was not receptive to those efforts.

9   In particular, during the telephonic meet and confer on April 8, 2025, after Defendant's

10  counsel reminded Plaintiff's counsel of the Court's standing order regarding meet and

11  confers, Plaintiff's counsel declared that they would not "litigate the whole case by

12  phone," and that Plaintiff is unwilling to amend the Complaint at this stage regardless

13  of AssureHire's arguments and dispositive evidence. *See id.* at ¶ 6. Plaintiff's counsel

14  stated that, rather than continue to meet and confer, the parties could address their

15  respective positions further in briefing to the Court. *Id.* Accordingly, AssureHire was

16  required to proceed with the instant Motion.

17  **III.** **LEGAL STANDARD**

18      A motion to dismiss under FRCP Rule 12(b)(6) tests the legal sufficiency of the

19  claims asserted in a complaint. Dismissal is proper when the complaint either (1) lacks

20  a cognizable legal theory; or (2) fails to allege sufficient facts to support a cognizable

21  legal theory. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint

22  must articulate "enough facts to state a claim to relief that is plausible on its face."

23  *Twombly*, 550 U.S. at 570. The plausibility standard "asks for more than a sheer

24  possibility that a defendant has acted unlawfully" or "facts that are 'merely consistent

25  with' a defendant's liability." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting

26  *Twombly*, 550 U.S. at 556-57). Thus, a complaint must contain "more than labels and

27  conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*,

28  550 U.S. at 555. The Court also may not "assume the truth of legal conclusions . . . cast

Glaser Weil

3049285

1  in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th
2  Cir. 1981).

3  **IV.    ARGUMENT**

4       In his Complaint, Plaintiff fails to allege that Employer provided him notice
5  before taking an adverse employment action based on the Report, as required. *See* 15
6  U.S.C. § 1681b. Had Employer done so, discrepancies in the Report could have been
7  promptly resolved without further issue. Nevertheless, Plaintiff fails to state any claim
8  against AssureHire for the following reasons.

9       **A.    The Complaint Fails To State A Claim Under 15 U.S.C. § 1681e(b)**

10       Plaintiff's inaccurate reporting claim under 15 U.S.C. section 1681e(b) must be
11  dismissed because Plaintiff fails to allege sufficient facts to support his claim.

12       Under 15 U.S.C. section 1681e(b), "[w]henever a consumer reporting agency
13  prepares a consumer report it shall follow reasonable procedures to assure maximum
14  possible accuracy of the information concerning the individual about whom the report
15  relates." Thus, to state a claim under Section 1681e(b), Plaintiff must allege facts
16  demonstrating that "the credit reporting agency prepared a report containing inaccurate
17  information." *Alvarez v. Galpin Motors, Inc.*, No. 222CV01598ODWMRWX, 2022
18  WL 1477421, at *2 (C.D. Cal. May 10, 2022). "[H]owever, an agency will *not* be liable
19  if it establishes that it followed reasonable procedures." *Id.* (emphasis original) citing
20  *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995).

21       Plaintiff's inaccurate reporting claim fails on both elements.

22       **1.    Plaintiff Fails To Allege Facts Showing The Report Contains**
23            **Inaccurate Information**

24       First, Plaintiff fails to allege well-pleaded facts showing that the Report contains
25  any "inaccurate information." *See, e.g.*, *Riser v. Cent. Portfolio Control Inc.*, No. 3:21-
26  CV-05238-LK, 2022 WL 2209648, at *3-4 (W.D. Wash. June 21, 2022) (dismissing
27  claim under Section 1681e(b) for failing to allege *prima facie* showing of inaccurate
28  reporting). Plaintiff summarily alleges that AssureHire "falsely reported to Plaintiff's

12

3049285

prospective employer that Plaintiff had been convicted of a misdemeanor for driving under the influence (DUI)." Compl. ¶¶ 3; *see id.* at ¶¶ 47-48. However, Plaintiff fails to mention that the Report itself does ***not*** state that Plaintiff was convicted of the alleged offense. Instead, the Report includes an unambiguous disclosure at the top in bold:

> **This report does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation, but only that it is accurately copied from public records, and information generated as a result of identity theft, including evidence of criminal activity, may be inaccurately associated with the consumer who is the subject of the report.**

*See* RJN Ex. A. The Report then goes on to list a number of criminal records databases that were searched with Plaintiff's name with the "status/score" as "complete" or "clear," and lists one potential match with Plaintiff's name in Madera County as "consider." The Report also includes a summary of information relating to the potential match with the word "consider" in the upper right hand corner and indicates that the potential match is "[c]onfirmed by NAME/DOB." *See* Compl. ¶ 48.

Plaintiff does not, and cannot, dispute that the public record information reflected in the Report is in fact accurate. Plaintiff admits that the name searched was accurate. *See* Compl. ¶ 51. And Plaintiff does not allege that the date of birth searched was inaccurate. *See Id.* at ¶ 53. Nor does he allege that AssureHire searched and provided results that differed from what Employer provided it and requested it to search. Instead, Plaintiff claims only that the Report was false because "[t]he criminal conviction reported by Defendant about Plaintiff to Patriot Environmental Services ***does not*** belong to Plaintiff." *Id.* at ¶ 49. But that is not what the Report says. AssureHire never represented that the conviction belonged to Plaintiff. The Report indicates only that AssureHire searched public records using the identifying information provided to it and accurately reports information copied from public records and that, based on the information provided, the employer should "consider" whether the entry potentially relates to Plaintiff or whether it may be "inaccurately associated with the consumer who is the subject of the report." *See* RJN Ex. A.

13

3049285

"In order to make out a prima facie violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information." *Guimond*, 45 F.3d at 1333; *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) ("The inaccuracy requirement comports with the purpose of the FCRA, which is to protect consumers from the transmission of inaccurate information about them."). As the information contained in the Report was factually accurate, Plaintiff fails to sufficiently allege an inaccuracy and his claim must be dismissed. *See Braun v. Trans Union LLC*, No. CV 19-06098-CJC(SKX), 2019 WL 13083348, at *2 (C.D. Cal. Oct. 10, 2019) (dismissing § 1681e(b) claim because "Plaintiff does not allege that her report was factually inaccurate" and "Courts have concluded that a CRA's failure to provide additional information to explain the significance of an otherwise accurate report entry is not the type of misleading omission that is sufficient to fulfill the inaccuracy element of a § 1681e(b) claim."). Indeed, if there was any inaccurate information, it was what Employer provided to AssureHire. AssureHire can only research information accurately with the information provided to it by prospective employers. Thus, if all AssureHire received was the name Ruben Flores and that he resides in California, without more AssureHire cannot guarantee that the results will be for Plaintiff as opposed to any other Ruben Flores in California.

## 2. Plaintiff Fails To Allege Facts Showing Any Inaccuracy Was Due To AssureHire's Failure To Follow Reasonable Procedures To Assure Maximum Possible Accuracy

Second, even if Plaintiff could allege that the Report contains an inaccuracy, which he cannot, the Section 1681e(b) claim still fails because Plaintiff fails to allege well-pleaded facts showing that AssureHire failed to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

14

3049285

In the Complaint, Plaintiff summarily alleges that "Defendant does not employ reasonable procedures to assure the maximum possible accuracy of the information it reports regarding consumers" (Compl. ¶ 8), and that "[o]n or about December 5, 2024, *in accordance with its standard procedures*, Defendant completed its consumer report about Plaintiff and sold the same to Patriot Environmental Services." *Id.* ¶ 46 (emphasis added). But Plaintiff never alleges what these "standard procedures" supposedly were, let alone why or how they were unreasonable. And to the extent Plaintiff contends that AssureHire could have concluded based on public information that the DUI conviction did not belong to Plaintiff "through a simple comparison of the mug shot in the public record, as well as clear discrepancies in address history and Social Security number" (*id.* at ¶ 38), Plaintiff fails to allege any facts showing that AssureHire was provided a photo of Plaintiff or his address history or social security number; let alone that such information of the misdemeanant was publicly available. Instead, AssureHire accurately reported, based on the public records and the information provided by Employer, that Employer should "consider" whether the Madera County criminal charges matching Plaintiff's name and date of birth belong to Plaintiff. This type of thorough and accurate background reporting is necessary to protect the public and ensure that employers can thoroughly vet potential candidates—especially where criminal records indicate that an individual with the same name was recently found guilty of DUI.

When counsel for the parties met and conferred on this issue, Plaintiff's counsel admitted that the Complaint does not include allegations relating to AssureHire's actual procedures in this matter, and instead suggested that it did not matter because discovery could later be obtained on this issue. *See* Miller Decl. ¶ 3. That is not the law. The Complaint must articulate "enough facts to state a claim to relief that is plausible on its face" (*Twombly*, 550 U.S. at 570), and the Court may not "assume the truth of legal conclusions . . . cast in the form of factual allegations." *W. Mining Council*, 643 F.2d at 624. Courts in this District have dismissed Section 1681e(b) claims on this basis.

1    *See, e.g.*, *Alvarez v. Galpin Motors, Inc.*, No. 222CV01598ODWMRWX, 2022 WL

2    1477421, at *2 (C.D. Cal. May 10, 2022) ("Alvarez does not allege any facts related to

3    procedures or policies that were purportedly unreasonable, nor how Trans Union's

4    purported failure to follow reasonable procedures caused Alvarez any damages. Thus,

5    Alvarez fails to state a claim against Trans Union for violation of the FCRA."); *White*

6    *v. Experian Information Sols., Inc.*, No. 2:23-CV-05591-DSF-PVC, 2024 WL

7    4846759, at *3 (C.D. Cal. Mar. 25, 2024) (dismissing Section 1681e(b) claim because

8    "[plaintiff] has asserted no allegations that either [defendant] prepared any report that

9    included an inaccuracy or that [defendant's] procedures were 'unreasonable.'"). Nor

10   may a plaintiff go on a fishing expedition in the hopes of gathering helpful evidence

11   after burdening a defendant with extensive and expensive discovery. As Plaintiff does

12   not even attempt to articulate what AssureHire's procedures were here, let alone how

13   they were deficient, dismissal is appropriate.

14        **B.    The Complaint Fails To State A Claim Under 15 U.S.C. § 1681k(a)**

15        Plaintiff's failure to notify claim under 15 U.S.C. section 1681k(a) must also be

16   dismissed. This provision requires a consumer reporting agency furnishing a consumer

17   report for employment purposes to ***either*** notify the consumer that a report is being

18   provided to an employer (15 U.S.C. §1681k(a)(1)) ***or*** maintain strict procedures to

19   insure such reports are complete and up to date. 15 U.S.C. §1681k(a)(2). Thus, to state

20   a claim against AssureHire under this provision, Plaintiff must allege sufficient well-

21   pleaded facts showing that AssureHire did neither. *See, e.g.*, *Hawkins v. S2Verify LLC*,

22   No. C 15-03502 WHA, 2016 WL 107197, at *2 (N.D. Cal. Jan. 11, 2016) ("Section

23   1681k(a) has two prongs, and a credit reporting agency can satisfy it by doing one of

24   two things, either (1) notifying the consumer that potentially adverse information is

25   being reported about him at the time it is being reported, or (2) maintaining strict

26   procedures to ensure the information being reported is complete and up to date.")

27        Plaintiff has not, and cannot, do so. Accordingly, this claim should be dismissed.

28

3049285

1.    <u>**AssureHire Provided The Report To Plaintiff And The Employer At The Same Time**</u>

Plaintiff alleges that "[u]pon information and belief, Defendant violated 15 U.S.C. § 1681k(a) because it failed to notify Plaintiff of the adverse public records information it had provided to Patriot Environmental Services at the time it provided his consumer report to Patriot Environmental Services." Compl. ¶ 100. But this is incorrect. Plaintiff admits that AssureHire completed its Report and provided the same to Employer on or about December 5, 2024. *Id.* ¶ 46. This is the same date reflected in the Report that was provided to Plaintiff. *See* RJN Ex. A.

When the counsel for the parties discussed this defect during their meet and confer efforts and noted that AssureHire's records indicate Plaintiff received the Report on December 5, 2025, and viewed the Report on December 7, 2025, Plaintiff's counsel refused to amend the Complaint or withdraw the claim. Miller Decl. ¶ 5. He instead argued that, even though Plaintiff received the Report at the same time as Employer, there was still a violation of the statute because the Report only lists Employer's name and not its address. *Id.*

This assertion is specious. Plaintiff makes no factual allegations in the Complaint about omitting Employer's address. Nor does Plaintiff allege how he could have possibly been damaged by this omission sufficient to establish Article III standing. *See, e.g., Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016) ("Article III standing requires a concrete injury even in the context of a statutory violation. . . . [N]ot all inaccuracies cause harm or present any material risk of harm."); *Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1173 (9th Cir. 2018) ("[T]he plausible pleading of a flat out violation of a statutory provision will not necessarily support a civil law suit in federal court."). Defendant's counsel is not aware of any Ninth Circuit authority holding that standing exists to assert a claim under 15 U.S.C. § 1681k(a) for listing only an employer's name but not its address. Nor has any been provided by Plaintiff.

3049285

2.     **Plaintiff Fails To Allege Facts Showing AssureHire Did Not Maintain Strict Procedures To Insure Its Report Was Complete And Up To Date**

Even if the Report was not provided to Plaintiff and Employer at the same time, Plaintiff's Section 1681k(a) claim still fails because Plaintiff fails to allege well-pleaded facts showing that AssureHire failed to "maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date." 15 U.S.C. § 1681k(a)(2).

*First*, as in Plaintiff's Section 1681e(b) claim, Plaintiff fails to allege any facts as to what AssureHire's procedures were here, let alone that they were not strict and designed to insure that the public record information reported was complete and up to date. *See supra* § IV(A)(2). Without such allegations, Plaintiff's claim fails.

*Second*, even if Plaintiff had alleged what AssureHire's procedures were and how they were deficient, Plaintiff does not dispute that the public records information reported by AssureHire was "complete." Instead, Plaintiff alleges only that such information was inaccurate because it did not relate to Plaintiff. As other courts have noted, Plaintiff is conflating "completeness" and "accuracy." *See Doe v. Sterling Infosystems, Inc.*, No. CV1504770RGKAJWX, 2015 WL 13917196, at *5 (C.D. Cal. Dec. 21, 2015) ("While § 1681k(a)(2) requires 'complete' and 'up-to-date' information, it says nothing of accuracy; rather, the requirement that information be 'accurate' is found in an entirely different provision, § 1681e(b)."). In short, "just because a report contains gratuitous and factually false information, thereby making it 'inaccurate,' does not mean it is missing pertinent information to render it 'incomplete.'" *Id.*

As Plaintiff does not dispute that the information in the Report is "complete," and instead only challenges whether it is "accurate," Plaintiff's Section 1681k(a) claim fails as a matter of law. *See Sterling Infosystems, Inc.*, No. CV1504770RGKAJWX, 2015 WL 13917196, at *5 (dismissing Section 1681k(a)(2) claim because "the

18

3049285

consumer report at issue contains excessive information but does not omit any material facts about the Plaintiff's criminal history. Therefore, while the report can be reasonably characterized as 'inaccurate' (insofar as it contains false information), it cannot be described as 'incomplete' (as it is not missing any information)."). Accordingly, Plaintiff's Section 1681k(a) claim must be dismissed.

**C.    The Complaint Fails To Sufficiently Allege Any Facts Showing AssureHire Acted Willfully or Negligently**

Plaintiff's FCRA claims also fail because Plaintiff fails to allege well-pleaded facts showing that AssureHire acted willfully or negligently. *See* 15 U.S.C. § 1681n(a); 15 U.S.C. § 1681o(a).

"The FCRA does not impose strict liability." *Guimond*, 45 F.3d at 1333. Instead, the FCRA only provides for civil liability where there has been either negligent or willful noncompliance with the FCRA's requirements. *See* 15 U.S.C. § 1681n(a); 15 U.S.C. § 1681o(a). Thus, to state a claim, "the plaintiff's complaint must allege specific facts as to the defendant's mental state . . . . Merely stating that the violation was 'willful' or 'negligent' is insufficient." *Abbink v. Experian Info. Sols., Inc.*, No. SACV191257JFWPJWX, 2019 WL 6838705, at *5 (C.D. Cal. Sept. 20, 2019).

Plaintiff fails to allege any facts whatsoever demonstrating that AssureHire negligently or willfully failed to comply with the FCRA. During the parties' meet and confer efforts, Plaintiff's counsel indicated that, while not explicitly alleged, AssureHire's negligent or willful noncompliance can be inferred generally from the Complaint. *See* Miller Decl. ¶ 3. But that is insufficient, especially as Plaintiff does not make any factual allegations about what information Employer provided to AssureHire or what AssureHire's procedures for creating the Report were. Nor do Plaintiff's allegations address the prominent disclaimer at the top of the Report stating that "**[t]his report does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation, but only that it is accurately copied from public**

3049285

1    **records . . .**" and that the Report merely indicates that the employer should "consider"

2    the Madera County criminal results. RJN Ex. A (emphasis original).

3        As there are no well pleaded factual allegations regarding AssureHire's mental

4    state, Plaintiff's FCRA claims fail for this additional reason as well. *See, e.g.*,

5    *Mnatsakanyan v. Goldsmith & Hull APC*, No. CV 12-4358 MMM PLAX, 2013 WL

6    10155707, at *7 (C.D. Cal. May 14, 2013) (dismissing FCRA claim where plaintiff

7    failed to allege facts showing defendant's "state of mind" in violating FCRA); *Syed v.*

8    *M-I LLC*, No. CIV. 1:14-742 WBS, 2014 WL 4344746, at *3 (E.D. Cal. Aug. 28, 2014)

9    ("Absent plaintiff's allegation that defendant's conduct was objectively unreasonable,

10   he is left with only bare allegations that defendants' conduct was 'willful' and

11   'reckless.' But these allegations, which consist only of 'labels and conclusions' without

12   factual content, are not sufficient to state a claim that defendants' conduct was

13   willful."); *Robles v. AMPAM Parks Mech., Inc.*, No. EDCV 14-02362-VAP, 2015 WL

14   1952311, at *5 (C.D. Cal. Apr. 28, 2015)) (dismissing claim for willful violation of the

15   FCRA where the plaintiff failed to sufficiently plead that the defendant willfully

16   breached the FCRA). Accordingly, Plaintiff's FCRA claims must be dismissed.

17        **D.    The Complaint Fails To Sufficiently Allege Any Facts Showing**

18            **Plaintiff Suffered Actual Damages**

19        Plaintiff's claims for negligent violations of the FCRA also fail to the extent

20   Plaintiff fails to allege any facts showing that he suffered actual damages. *See* 15 U.S.C.

21   § 1681o(a)(1) (only "actual damages" may be recovered for a negligent violation of the

22   FCRA). Plaintiff alleges that he has purportedly suffered a long list of boilerplate

23   damages resulting from AssureHire's accurate reporting that Employer should

24   "consider" whether the Madera County criminal charges related to Plaintiff. *See* Compl.

25   ¶¶ 11, 80, 86, 94, 107. Tellingly, however, Plaintiff fails to allege any facts showing

26   that he actually incurred such damages. For example, Plaintiff claims he was damaged

27   from "loss of employment opportunities" after Employer withdrew Plaintiff's job offer

28   on or about December 13, 2024. *Id.* at ¶ 61. Plaintiff then alleges that he waited at least

20

3049285

six weeks until on or about January 26, 2025 to dispute the Report, which was corrected within two days, and Plaintiff received another job offer from Employer.[1] *Id.* at ¶¶ 65, 72, 74. Critically, however, ***Plaintiff never alleges that he accepted this job offer***. If Plaintiff ultimately decided not to accept the job when it was offered a second time, he cannot have been damaged by the previous withdrawal of the offer. Defense counsel inquired about this issue during the parties' meet and confer efforts, but Plaintiff's counsel could not or would not confirm whether Plaintiff ever did in fact accept the second job offer and refused to provide any further information. *See* Miller Decl. ¶ 6.

Nor does Plaintiff accept any responsibility for his own delay in noticing and clearing up the discrepancy. He received the Report on December 5, 2024. He did nothing about it. On December 13, 2024, Employer notified Plaintiff that his job offer was rescinded because of the misdemeanor conviction reported in the Report. Compl. ¶ 61. Plaintiff waited 52 days after he received the Report, 44 days after his job offer was rescinded based on the Report, before finally disputing the information in the Report. *Id.* at ¶ 65. When he did, it took AssureHire only two days to issue a corrected report. *Id.* at ¶ 72. Employer then issued Plaintiff a second job offer. *Id.* at ¶ 74.

Plaintiff does not allege any injury in fact, or concrete substantial harm as the result of any violation of FCRA by AssureHire. *See Spokeo, Inc.*, 578 U.S. at 341; *Dutta*, 895 F.3d at 1173. He does not even allege that he accepted the second job offer and started working at Employer. All of the alleged harms Plaintiff claims to have suffered are conclusory. To the extent Plaintiff claims that his fiancée left him "genuinely believing that Plaintiff was the convicted misdemeanant Flores" (Compl. ¶ 78), Plaintiff never alleges when the fiancée supposedly ended the engagement and whether the fiancée ever viewed the Report—let alone why the fiancée would believe Plaintiff was the convicted misdemeanant when Plaintiff himself claims that it was "obvious" they are two different people. *See id.* at ¶¶ 51, 53 ("A mug shot relating to

---

[1] Plaintiff was told that he would receive a new offer letter even sooner, but there was a delay because a human resources employee was out on vacation. *See* Compl. ¶ 73.

3049285

1    the misdemeanor DUI conviction readily demonstrates that Plaintiff is not the same

2    individual as Convicted Misdemeanant Flores.").

3         Nor does Plaintiff allege any facts supporting his generic allegations of purported

4    reputational or emotional harm. *See, e.g.*, *Campbell v. Anniemac Home Mortgage*, 16-

5    cv-08795, 2017 WL 8180578, at *2 (C.D. Cal. Feb. 23, 2017) (finding the plaintiff's

6    allegations that she suffered "emotional distress, humiliation and embarrassment," as

7    well as a general allegation that the plaintiff's "credit inquiries may negatively impact

8    credit scores" insufficient to establish actual damages.); *Sion v. SunRun, Inc.*, 2017 WL

9    952953, at *2 (N.D. Cal. Mar. 13, 2017) (dismissing claims for negligent violation of

10   the FCRA because "[a]lthough actual damages can include emotional distress, a

11   plaintiff must support her claim for pain and suffering with something more than her

12   own conclusory allegations, such as specific claims of genuine injury.") (internal

13   brackets and quotation marks omitted); *Samia v. Experian Info. Sols., LLC*, 2022 WL

14   298369, at *4 (S.D. Cal. Feb. 1, 2022) (same). Again, by Plaintiff's own admission,

15   once he raised the issue with AssureHire the Report was rapidly updated to remove the

16   Madera County criminal record within two days. *See* Compl. ¶¶ 65, 72.

17        As Plaintiff fails to sufficiently allege any actual damages, his claims for

18   negligent violations of the FCRA must be dismissed.

19        **E.    The Complaint Fails To State A Claim Under Cal. Civ. Code § 1785.14**

20        Plaintiff's claim under California Civil Code section 1785.14 for allegedly

21   failing to establish or to "follow reasonable procedures to assure maximum possible

22   accuracy" fails for the same reasons his FCRA claims fail.

23        The CCRAA is "substantially based on the Federal [FCRA]." *Carvalho*, 629

24   F.3d at 889 (quoting *Olson v. Six Rivers Nat'l Bank*, 111 Cal. App. 4th 1, 3 (2003)).

25   Therefore, "judicial interpretation of the federal provisions is persuasive authority and

26   entitled to substantial weight when interpreting the California provisions." *Grigoryan*

27   *v. Experian Info. Sols., Inc.*, 84 F. Supp. 3d 1044, 1067 (C.D. Cal. 2014) (quoting *Olson*,

28   111 Cal. App. 4th at 12); *see, also Brooks v. Lundquist Consulting, Inc.*, No. 22-cv-

3049285

Glaser Weil

1    01916-JST, 2023 WL 3581953, at *2-3 (N.D. Cal. Feb. 23, 2023) (discussing

2    similarities between 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14 (b)).

3         Plaintiff's claim under Section 1785.14 is predicated on the exact same facts and

4    legal theories as his FCRA claims. *See* Compl. ¶¶ 89-96. Thus, Plaintiff's derivative

5    Section 1785.14 fails for the same reasons Plaintiff's FCRA claims fail, and should also

6    be dismissed. *See, e.g.*, *Galea v. Wells Fargo Bank, N.A.*, 388 F. Supp. 3d 1212, 1217

7    (E.D. Cal. 2019) (dismissing CCRAA claims for the same reasons as FCRA claims).

8    **V.    CONCLUSION**

9         For the reasons set forth above, AssureHire respectfully requests that Plaintiff's

10   Complaint be dismissed in its entirety.

11

12   DATED:  April 14, 2025                    Respectfully submitted,

13                                             GLASER WEIL FINK HOWARD
                                                  JORDAN & SHAPIRO LLP

14

15                                             By: */s/ Elizabeth A. Sperling*
                                                   Elizabeth A. Sperling
16                                                 Alexander R. Miller
                                                   Attorneys for Defendant
17                                                 AssureHire Inc.

18

19

20

21

22

23

24

25

26

27

28

3049285

1  **L.R. 11-6.2 CERTIFICATE OF COMPLIANCE**

2  The undersigned, counsel of record for AssureHire Inc., certifies that this brief

3  contains 5,939 words, which complies with the word limit of L.R. 11-6.1.

4

5  DATED:  April 14, 2025          Respectfully submitted,

6          GLASER WEIL FINK HOWARD
           JORDAN & SHAPIRO LLP

7

8      By: */s/ Elizabeth A. Sperling*
           Elizabeth A. Sperling
9          Alexander R. Miller
           Attorneys for Defendant
10         AssureHire Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3049285