ELIZABETH A. SPERLING - State Bar No. 231474
esperling@glaserweil.com
ALEXANDER R. MILLER - State Bar No. 294474
amiller@glaserweil.com
**GLASER WEIL FINK HOWARD**
  **JORDAN & SHAPIRO LLP**
600 W. Broadway, Suite 2850
San Diego, CA 92101
Telephone: (619) 765-4380
Facsimile: (619) 483-0646

Attorneys for Defendant
AssureHire, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN FLORES, | Case No.: 2:25-cv-01621-WLH-SK |
| Plaintiff, | Assigned to Hon. Wesley L. Hsu |
| v. | **DECLARATION OF ALEXANDER R. MILLER IN SUPPORT OF DEFENDANT ASSUREHIRE, INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** |
| ASSUREHIRE, INC., | |
| Defendant. | Hearing Date: May 30, 2025<br>Hearing Time: 1:30 p.m.<br>Courtroom: 9B |
| | Complaint filed: February 26, 2025<br>Trial Date: Not set |

**DECLARATION OF ALEXANDER R. MILLER**

I, Alexander R. Miller, declare as follows:

1. I am an attorney duly licensed to practice law before all courts of the State of California and am an associate of Glaser Weil Fink Howard Jordan & Shapiro LLP. This declaration is submitted in support of Defendant AssureHire Inc.'s Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. In accordance with Local Rule 7-3 and the court's Standing Order, prior to the filing of AssureHire Inc.'s Motion to dismiss I met and conferred extensively with Plaintiff's counsel in advance of the Motion. Initially I attempted to meet and confer with Plaintiff's counsel of record Andrew Gramajo from AJG Law Group, PC. However, I was informed that attorney Meir Rubinov of Consumer Attorneys PLLC was retained by Plaintiff to represent him in this matter, that Mr. Rubinov would be entering an appearance *pro hac vice*, and that my communications should be directed to Mr. Rubinov and his team. Although Mr. Rubinov indicated repeatedly that his *pro hac vice* application would be forthcoming "shortly," as of the time of filing no such application has been made.

3. Nevertheless, on April 4, 2025, I met and conferred with Mr. Rubinov by videoconference through the Microsoft Teams platform for approximately one hour regarding AssureHire's anticipated Motion to Dismiss. During the meet and confer, I identified substantially the same defects and issues in the Complaint that are set forth in AssureHire's Motion to Dismiss. Mr. Rubinov indicated that Plaintiff was unwilling to amend the Complaint to address any of the defects I raised. Mr. Rubinov stated that even though the Complaint does not include allegations relating to AssureHire's actual investigative procedures in this matter, it did not matter because discovery could later be obtained on this issue. Mr. Rubinov similarly argued that, while not explicitly

alleged, AssureHire's negligent or willful noncompliance with the Fair Credit Reporting Act can be inferred generally from the Complaint.

4. In a good faith effort to avoid unnecessary motion practice, I asked Mr. Rubinov to provide further information regarding Plaintiff's claims which might obviate the need for a Motion to Dismiss. Specifically, I asked that Mr. Rubinov confirm whether Plaintiff ultimately accepted a job with Patriot Environmental Services (the "Employer"), confirm whether Plaintiff received a copy of the Confidential Background Check Report on December 5, 2024 (the "Report"), and provide any information regarding the scope of Plaintiff's alleged damages, including the amount of the salary he claims he did not receive for several months.

5. Mr. Rubinov was unable to provide any of this information during our conference, but said he would look into it. After our conference, I was able to locate a copy of the Report at issue and sent a copy to Plaintiff's counsel. In my email I also confirmed our understanding that, based on AssureHire's records, Plaintiff received the Report by email on December 5, 2024, and viewed the Report on December 7, 2024. During our meet and confer, Mr. Rubinov had indicated that Plaintiff's claim under 15 U.S.C. section 1681k(a) was based solely on AssureHire's purported failure to provide Plaintiff and the Employer with the Report at the same time. Accordingly, I requested that Plaintiff agree to withdraw this claim. A true and correct copy of this correspondence is attached as **Exhibit 1**. Plaintiff's counsel later confirmed that Plaintiff does not recall receiving the Report on December 5, 2024, or viewing the Report on December 7, 2024, which is "understandable" because of Plaintiff's "lack of sophistication." Counsel did not confirm the other requested information.

6. I met and conferred telephonically with Mr. Rubinov and with attorney Moshe Boroosan, also from Consumer Attorneys, on April 8, 2025. During the call, Mr. Boroosan indicated that it would not be productive to discuss the issues I had identified with the Complaint and raised with Mr. Rubinov previously, or my requests for additional information. When I reminded Mr. Boroosan of the Court's standing

order regarding meet and confers, Mr. Boroosan declared that they would not "litigate the whole case by phone," and that Plaintiff would not be willing to amend the Complaint at this stage regardless of AssureHire's arguments. Instead, Mr. Boroosan stated that the parties could address their respective positions further in briefing to the Court on the Motion to Dismiss. Plaintiff's counsel never confirmed whether Plaintiff actually accepted the second job offer from Employer.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed on April 14, 2025, in San Diego, California.

    /s/ *Alexander R. Miller*
Alexander R. Miller