# EXHIBIT 1

| | |
|---|---|
| **From:** | Alexander Miller |
| **To:** | Meir Rubinov; Andrew Gramajo |
| **Cc:** | Irina Iakovleva; Moshe Boroosan; Ann Stevenson; Elizabeth Sperling |
| **Subject:** | RE: Flores, Ruben v. AssureHire, Inc. - C.D. Cal. Case No. 25-cv-01621-WLH-SK |
| **Date:** | Friday, April 4, 2025 3:06:37 PM |
| **Attachments:** | 2025-04-04 - AssureHire Flores, Ruben Report.pdf |
| | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | image006.png |

Meir,

Further to my email below, attached is a copy of the report with disclosures sent to Mr. Flores and his prospective employer on 12/5. Our records show that Mr. Flores viewed the document on 12/7. This is inconsistent with the allegations in paragraph 62 of the complaint that Mr. Flores first obtained a copy of the report on 12/18, after his offer of employment had already been rescinded.

As noted below, we're unaware of Ninth Circuit authority requiring a background check company like AssureHire to provide a 'pre-adverse employment action notification' to a consumer, whether under 15 U.S.C. § 1681k(a)(1) or otherwise. This makes sense, as the background check company is not the one contemplating taking any adverse employment action. As we discussed today, an employer, or prospective employer, on the other hand, is required to make such a disclosure under 15 U.S.C. § 1681b(b)(3).

In this case, Patriot Environmental Services was the prospective employer, not AssureHire. So AssureHire was not required to provide a 'pre-adverse employment action notification.' If you have any authority to the contrary, please provide it. In any event, as you will see, the attached report contains appropriate disclosures under California and Federal law, including a summary of Mr. Flores's rights under the FRCA.

Given your representations today that Mr. Flores's "Failure to Provide 'At the time' Notice" claim under 15 U.S.C. § 1681k(a)(1) is based on AssureHire's purported failure to provide proper notifications in its report to Mr. Flores, please confirm that Plaintiff will be withdrawing his third (erroneously labeled in the complaint as his fourth) claim for failure to notify under 15 U.S.C. § 1681k(a)(1) in its entirety. Given the impending 4/14 deadline to respond to the complaint, we request that you provide your confirmation by no later than Tuesday, 4/8.

Note that the attached report also includes a clear disclosure that the information provided is not guaranteed to be accurate as to the subject of the investigation, but only that it has been accurately copied from public records. This is as an additional ground for dismissal of Plaintiff's first and second claims for purportedly inaccurate reporting. Please let us know if Plaintiff nevertheless contends that AssureHire's report inaccurately reflects the information copied from public records.

We look forward to your response, and to reviewing the other information discussed during our conference today.

Best,
Alex

## Alexander Miller



ASSOCIATE

Glaser Weil Fink Howard Jordan & Shapiro LLP  
600 West Broadway, Suite 2850  
San Diego, CA 92101  
glaserweil.com | bio

amiller@glaserweil.com  
T 619.762.5952

**To send files securely, please click here**

This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Jordan & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Alexander Miller  
**Sent:** Friday, April 4, 2025 10:03 AM  
**To:** Meir Rubinov <mrubinov@consumerattorneys.com>; Andrew Gramajo <andrew@ajglawgroup.us>  
**Cc:** Irina Iakovleva <iiakovleva@consumerattorneys.com>; Moshe Boroosan <mboroosan@consumerattorneys.com>; Ann Stevenson <astevenson@consumerattorneys.com>; Elizabeth Sperling <esperling@glaserweil.com>  
**Subject:** RE: Flores, Ruben v. AssureHire, Inc. - C.D. Cal. Case No. 25-cv-01621-WLH-SK

Thank you again for the productive call today, Meir. We appreciate you talking to your client on some of the factual issues we discussed regarding when Plaintiff received the report and his alleged damages, and we will continue to look into things on our end as well.

We also look forward to reviewing any case law you're able to send our way on the disputed issues we discussed. In particular, if you have any 9th Circuit case law showing that providing a copy of the consumer report to the consumer alone is insufficient to satisfy 15 U.S.C. § 1681k(a)(1) without some further 'pre-adverse employment action notification' by the CRA itself (and not the employer), we would like to review that.

Have a good weekend.

Best,  
Alex



# Alexander Miller
ASSOCIATE

Glaser Weil Fink Howard Jordan & Shapiro LLP  
600 West Broadway, Suite 2850  
San Diego, CA 92101  
glaserweil.com | bio

amiller@glaserweil.com  
T 619.762.5952

**To send files securely, please click here**

This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Jordan & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and