ELIZABETH A. SPERLING - State Bar No. 231474
esperling@glaserweil.com
ALEXANDER R. MILLER - State Bar No. 294474
amiller@glaserweil.com
**GLASER WEIL FINK HOWARD**
  **JORDAN & SHAPIRO LLP**
600 W. Broadway, Suite 2850
San Diego, CA 92101
Telephone: (619) 765-4380
Facsimile: (619) 483-0646

Attorneys for Defendant
AssureHire, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN FLORES,<br><br>              Plaintiff,<br><br>v.<br><br>ASSUREHIRE, INC.,<br><br>              Defendant. | Case No.: 2:25-cv-01621-WLH-SK<br><br>Assigned to Hon. Wesley L. Hsu<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT ASSUREHIRE, INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>Hearing Date:  May 30, 2025<br>Hearing Time:  1:30 p.m.<br>Courtroom:     9B<br><br>Complaint filed: February 26, 2025<br>Trial Date:      Not set |

**TO THE COURT, CLERK, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Pursuant to Federal Rule of Evidence 201, Defendant AssureHire Inc. hereby requests that the Court take judicial notice of the following document and the contents thereof:

> **Exhibit A** is a true and correct copy of the subject confidential background check report sent to Plaintiff Ruben Flores on or about December 5, 2024 (the "Report"), which is the document at the core of this case.

Under Rule 201, the Court may consider the Report sent by AssureHire to Plaintiff Ruben Flores under the "incorporation by reference" doctrine. "That doctrine permits a district court to consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *In re Silicon Graphics Sec. Litig.*, 183 F.3d 970, 986 (1999) (internal quotation omitted) *superseded by statute on other grounds*; *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1112-15 (C.D. Cal. 2004) (same).

All of Plaintiff's claims are based exclusively on the Report that AssureHire provided to Plaintiff and Plaintiff's prospective employer. *See, e.g.*, Compl. ¶¶ 44-60. Although Plaintiff quotes from part of the Report (*id.* at ¶ 48) and his entire action is premised on the Report, Plaintiff does not attach the actual Report to his Complaint.

During the parties' meet and confer efforts, AssureHire's counsel provided Plaintiff's counsel with a copy of the Report attached as Exhibit A, and Plaintiff's counsel did not dispute the authenticity of the document. *See* Miller Decl. ¶ 5. Accordingly, judicial notice of the Report is appropriate here to show that the Report does not support Plaintiff's claims. *See Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1110 (N.D. Cal. 2003) ("Where a plaintiff fails to attach to the complaint documents referred to in it, and upon which the complaint is premised, a defendant may

1  attach to the motion to dismiss such documents in order to show that they do not support
2  plaintiff's claim.").

3                                    Respectfully submitted,

4  DATED:  April 14, 2025     GLASER WEIL FINK HOWARD
                                              JORDAN & SHAPIRO LLP

6                                 By: _/s/ Elizabeth A. Sperling_
7                                        Elizabeth A. Sperling
                                       Alexander R. Miller
8                                        Attorneys for Defendant
                                       AssureHire Inc.