ELIZABETH A. SPERLING - State Bar No. 231474
esperling@glaserweil.com
ALEXANDER R. MILLER - State Bar No. 294474
amiller@glaserweil.com
**GLASER WEIL FINK HOWARD**
  **JORDAN & SHAPIRO LLP**
600 W. Broadway, Suite 2850
San Diego, CA 92101
Telephone: (619) 765-4380
Facsimile: (619) 483-0646

Attorneys for Defendant
AssureHire, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN FLORES,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ASSUREHIRE, INC.,<br><br>　　　　　　Defendant. | Case No.: 2:25-cv-01621-WLH-SK<br><br>Assigned to Hon. Wesley L. Hsu<br><br>**REPLY IN SUPPORT OF DEFENDANT ASSUREHIRE, INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>Hearing Date:　June 6, 2025<br>Hearing Time:　1:30 p.m.<br>Courtroom:　　9B<br><br>Complaint filed:　February 26, 2025<br>Trial Date:　　　Not set |

# TABLE OF CONTENTS

Page

A. Plaintiff Concedes His Complaint Is Deficient By Proposing A New Amended Complaint ................................................................................... 7

B. The Complaint Fails To State A Claim Under 15 U.S.C. § 1681e(b) ............ 7

    1. Plaintiff Fails To Show The Report Is Inaccurate ................................ 7

    2. Plaintiff Fails To Plausibly Allege That AssureHire Failed To Follow Reasonable Procedures ........................................................... 9

C. The Complaint Fails To State A Claim Under 15 U.S.C. § 1681k(a) .......... 10

    1. AssureHire Provided The Report To Plaintiff And The Employer At The Same Time .............................................................................. 10

    2. Plaintiff Fails To Show AssureHire Did Not Maintain Strict Procedures To Insure Its Report Was Complete ................................ 12

D. Plaintiff Fails To Show Actual Damages ..................................................... 12

E. Plaintiff Fails To Show AssureHire Acted Willfully or Negligently ........... 14

F. Plaintiff Fails To State A Claim Under Cal. Civ. Code § 1785.14 .............. 15

G. Conclusion .................................................................................................... 15

# TABLE OF AUTHORITIES

Page

**CASES**

*Abbink v. Experian Info. Sols., Inc.*,
 2019 WL 6838705 (C.D. Cal. Sept. 20, 2019) .............................................. 14

*Casillas v. Madison Avenue Assocs., Inc.*,
 926 F.3d 329 (7th Cir. 2019) ......................................................................... 15

*Doe v. Sterling Infosystems, Inc.*,
 No. CV1504770RGKAJWX, 2015 WL 13917196
 (C.D. Cal. Dec. 21, 2015) ............................................................................. 12

*Dutta v. State Farm Mut. Auto. Ins. Co.*,
 895 F.3d 1166 (9th Cir. 2018) ....................................................................... 11

*Gorman v. Wolpoff & Abramson, LLP*,
 584 F.3d 1147 (9th Cir. 2009) ......................................................................... 9

*Hawkins v. S2Verify LLC*,
 No. C 15-03502 WHA, 2016 WL 107197 (N.D. Cal. Jan. 11, 2016) ........... 11

*Heras v. Nelnet, Inc.*,
 No. CV166388FMOPLAX, 2017 WL 4586334
 (C.D. Cal. Apr. 28, 2017) ............................................................................... 8

*Kulb v. ChexSystems, Inc.*,
 No. CV 24-1390, 2025 WL 1071423
 (E.D. Pa. Apr. 8, 2025) ................................................................................... 7

*Leo v. AppFolio, Inc.*,
 No. 17-5771 RJB, 2018 WL 623647
 (W.D. Wash. Jan. 30, 2018) ............................................................................ 9

*Lopez v. Nat'l Credit Reporting, Inc.*,
 No. C12-05166 HRL, 2013 WL 1999624
 (N.D. Cal. May 13, 2013) ............................................................................... 9

*Lujan v. Defenders of Wildlife*,
 504 U.S. 555 (1992) ...................................................................................... 15

*Mnatsakanyan v. Goldsmith & Hull APC*,
 2013 WL 10155707 (C.D. Cal. May 14, 2013) ............................................ 14

*Robles v. AMPAM Parks Mech., Inc.*,
 No. EDCV 14-02362-VAP, 2015 WL 1952311
 (C.D. Cal. Apr. 28, 2015) ............................................................................. 14

*Somaysoy v. Ow*,
 536 F. Supp. 3d 634 (C.D. Cal. 2021) ............................................................ 8

*Spokeo, Inc. v. Robins*,
 578 U.S. 330 (2016) ...................................................................................... 10

```
```

*Starr v. Baca*,
  652 F.3d 1202 (9th Cir. 2011) ............................................................................ 8

*Syed v. M-I LLC*,
  No. CIV. 1:14-742 WBS, 2014 WL 4344746
  (E.D. Cal. Aug. 28, 2014) ................................................................................ 14

*Taylor v. First Advantage Background Servs. Corp*,
  207 F. Supp. 3d 1095 (N.D. Cal. 2016) ............................................................ 9

*TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021) .......................................... 11, 15

*White v. Experian Information Sols., Inc.*,
  No. 2:23-CV-05591-DSF-PVC, 2024 WL 4846759
  (C.D. Cal. Mar. 25, 2024) ................................................................................. 9

**OTHER AUTHORITIES**

15 U.S.C. § 1681e(b) ................................................................................................ 9

15 U.S.C. § 1681i ..................................................................................................... 9

15 U.S.C. § 1681k(a) .............................................................................................. 10

15 U.S.C. § 1681k(a)(2) ........................................................................................... 5

15 U.S.C. § 1681n(a) .............................................................................................. 14

15 U.S.C. § 1681o(a) .............................................................................................. 14

15 U.S.C. § 1681o(a)(1) ......................................................................................... 12

Plaintiff helps to establish the merits of AssureHire's Motion by not only asking for leave to amend but providing a proposed amended complaint with his opposition. *See* Dkt. 21-2, 21-3. To be clear, AssureHire's counsel met and conferred extensively with Plaintiff's New York counsel on the issues briefed in its Motion prior to filing the Motion, in compliance with the Court's local rules and scheduling order. AssureHire repeatedly asked if Plaintiff would either amend the Complaint or provide further information to try and resolve these issues without expensive motion practice. *See* Miller Decl. ¶¶ 3-6. Plaintiff's counsel refused. *Id.* ¶ 6. Instead, even after AssureHire educated Plaintiff's New York-based counsel on the local practice in this District and this Court's standing order[1] regarding meet and confer requirements for motions to dismiss, Plaintiff's counsel stated that he would not "litigate the whole case by phone," and would not amend the Complaint at this stage regardless of AssureHire's arguments. *Id.* ¶ 6. Plaintiff's counsel refused to meet and confer further and stated the parties could argue their positions further in briefing to the Court. *Id.*

Now, after AssureHire was forced to undertake the significant expense of conducting extensive meet and confer communications and drafting this Motion to Dismiss, Plaintiff ***admits*** that his claim under 15 U.S.C. section 1681k(a)(2) was ***false***, and now abandons this theory of liability—just as AssureHire demonstrated and requested he do during the meet and confer process. *See* Opp. 21 ("Plaintiff acknowledges that the allegation that he never received the report was inaccurate."); Miller Decl. ¶ 5, Ex. 1. In addition, Plaintiff's counsel now finally confirms for the first time that Plaintiff chose ***not*** to accept the position with Employer when it was re-offered—another question AssureHire's counsel repeatedly asked while meeting and conferring but Plaintiff's counsel refused to answer. *See* Dkt. 21-3 ¶ 80.

---

[1] In his Opposition, Plaintiff ignores the Court's standing order regarding citations to authority, including the Court's preferences regarding the use of footnotes, use of Westlaw whenever possible, and citation to materials not accessible on Westlaw. *See* Standing Order § 6(a). Plaintiff also heavily relies on out of circuit authorities.

Plaintiff's Complaint is defective and must be dismissed. At its core, the allegations in Plaintiff's Complaint are simply implausible. If it were "obvious" that the Report did not relate to Plaintiff based on even "[a] cursory review of the widely available public court records" and based on "[a] mug shot relating to the misdemeanor DUI conviction" which "readily demonstrates that Plaintiff is not the same individual" as well as the crime being committed in a different county (Compl. ¶¶ 51-53), then why would Plaintiff's fiancée and family believe the report was true, causing Plaintiff's fiancée to leave him and his family to shun him? Tellingly, Plaintiff provides no details as to when, or even how, his family ever obtained the report. Nor does Plaintiff make any attempt to explain his *six-week* delay in bringing the issue to AssureHire's attention, after which AssureHire immediately issued a corrected report in only two days. If this were such an obvious failure that the report identified the wrong Ruben Flores, which cost Plaintiff a job, surely he would have provided the necessary information immediately both to the Employer and to AssureHire to demonstrate that they had the wrong guy. The fact that AssureHire immediately issued a corrected report within just two days of receiving the correct information negates any FCRA violation.

Moreover, all of Plaintiff's claims fail as a matter of law for failure to satisfy Article III standing. Plaintiff has not, and cannot, demonstrate that AssureHire committed any violation of FCRA or any other law that caused Plaintiff a concrete injury for Article III purposes.

The Court should not grant Plaintiff's request for leave to amend to file the proffered amended complaint because to do so would be futile. The proposed amended complaint still fails to plead sufficient facts establishing the core elements of his claims. The facts that are pled are completely implausible. The proposed amended complaint demonstrates that Plaintiff is unable to state any plausible claim for relief against AssureHire and that amendment would be futile. Accordingly, Plaintiff's action should be dismissed with prejudice and without leave to amend.

### A. Plaintiff Concedes His Complaint Is Deficient By Proposing A New Amended Complaint

AssureHire's counsel extensively met and conferred with Plaintiff's New York counsel on the myriad deficiencies in the Complaint, at significant expense, prior to bringing the instant Motion to Dismiss. Plaintiff's counsel refused to address any of the issues raised or to make any amendment to the Complaint even after being educated on the procedures and local rules of this District as well as the Court's standing order. *See* Miller Decl. ¶¶ 3-6. Plaintiff's counsel does not dispute this in the Opposition. Nevertheless, in a complete about-face, Plaintiff's counsel concedes the issues raised by proffering a proposed amended complaint that attempts to address some of the issues identified by AssureHire's counsel during meet and confer efforts and in the Motion. This includes confirming for the first time that "***Plaintiff ultimately chose not to accept the job offer***" with Employer (Dkt. 21-3 ¶ 80), a critical fact that Plaintiff's counsel refused to confirm during meet and confer efforts, and which establishes that Plaintiff suffered no actual damages. *See infra* § E.

As Plaintiff's counsel did not meet and confer in good faith per the Court's Standing Order and the Local Rules of this Court, the Court should deem the Motion unopposed and grant the Motion on that basis. *See* Standing Order § G(1)(d).

### B. The Complaint Fails To State A Claim Under 15 U.S.C. § 1681e(b)

#### 1. Plaintiff Fails To Show The Report Is Inaccurate

Plaintiff concedes that "[a] threshold showing that the reporting is "inaccurate" is necessary to succeed on a §1681e(b) claim." Opp. 9. Plaintiff relies on the out-of-circuit district court decision in *Kulb v. ChexSystems, Inc.*, No. CV 24-1390, 2025 WL 1071423, at *2 (E.D. Pa. Apr. 8, 2025) to argue that "matching facially accurate data to the wrong consumer necessarily creates an inaccuracy." Opp. at 9-10. But even if this decision were binding law, let alone from this Circuit—it is not—as set forth in AssureHire's Motion, AssureHire never represented that the conviction belonged to

Plaintiff.[2] The Report does not contain any false or inaccurate statements. The Report indicates only that AssureHire searched public records using the identifying information provided to it by the Employer and it accurately reports information copied from public records. *See* RJN Ex. A. The Report goes on to indicate that, based on the information provided, the Employer should "consider" whether the entry potentially relates to Plaintiff. *See id.* AssureHire never made any false statement about Plaintiff.

Plaintiff's conclusory assertion that "virtually every person that encountered the report," including Plaintiff's fiancée and family "was misled into believing that Plaintiff has a recent DUI conviction" (Opp. at 10) is completely implausible and wholly unsupported by the Complaint.[3] Plaintiff does not allege that his fiancée or family ever saw the report. And even if they did, Plaintiff makes no attempt to explain the completely implausible conclusions that he asks this Court to draw. Plaintiff makes irreconcilable claims that his fiancée and family believed the Report was about him (Compl. ¶ 78) when "[a] cursory review of the widely available public court records confirms that the criminal record belongs to a distinct and unrelated male" (*id.* ¶ 51) and there are "obvious discrepancies between Convicted Misdemeanant Flores and Plaintiff" (*id.* ¶ 52) including the "mug shot" (*id.* ¶ 53(a)), county of residence (*id.* ¶ 53(b)), and social security number. *Id.* ¶ 53(c). It is simply not plausible that the Report was so obviously wrong but nevertheless "ruptured" Plaintiff's relationships with his entire family and his fiancée to such an extent that she left him over it.

---

[2] It is unclear why Plaintiff cites *Heras v. Nelnet, Inc.*, No. CV166388FMOPLAX, 2017 WL 4586334 (C.D. Cal. Apr. 28, 2017) (Opp. at 10). In *Heras*, Judge Olguin **granted** motions to dismiss without leave to amend "because [plaintiff] does not sufficiently allege how the reported items on his credit report were or are inaccurate." *See id.* at *4.

[3] "The Ninth Circuit has clarified that (1) a complaint must 'contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively,' and (2) 'the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.'" *Somaysoy v. Ow*, 536 F. Supp. 3d 634, 636 (C.D. Cal. 2021), quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

The information in the Report is all accurately reported from public records, and therefore cannot be the basis for a false reporting claim. *See* Mot. § IV(A). It is quite revealing that Plaintiff fails to address the extensive Ninth Circuit authority cited in AssureHire's Motion demonstrating that dismissal is appropriate here. Instead, Plaintiff relies primarily on out-of-circuit cases outside the motion to dismiss context and outside the FCRA context that do not pertain to section 1681e(b) claims.[4] Opp. at 11.

### 2. Plaintiff Fails To Plausibly Allege That AssureHire Failed To Follow Reasonable Procedures

Plaintiff is incorrect in claiming that "reasonable procedures" are an affirmative defense. Opp. at 13-15. Courts in this District have held that, whether a defendant failed to follow reasonable procedures to assure maximum possible accuracy is an element of Plaintiff's Section 1681e(b) claim that must be adequately pleaded in the Complaint. *See, e.g.*, *Alvarez v. Galpin Motors, Inc.*, No. 222CV01598ODWMRWX, 2022 WL 1477421, at *2 (C.D. Cal. May 10, 2022); *White v. Experian Information Sols., Inc.*, No. 2:23-CV-05591-DSF-PVC, 2024 WL 4846759, at *3 (C.D. Cal. Mar. 25, 2024) (dismissing Section 1681e(b) claim because "[plaintiff] has asserted no allegations that either [defendant] prepared any report that included an inaccuracy or that [defendant's] procedures were 'unreasonable.'").

Plaintiff's reliance on *Taylor v. First Advantage Background Servs. Corp*, 207 F. Supp. 3d 1095 (N.D. Cal. 2016) and *Leo v. AppFolio, Inc.*, No. 17-5771 RJB, 2018 WL 623647 (W.D. Wash. Jan. 30, 2018) are unavailing. *Leo* involved a motion to strike or dismiss class action allegations. And *Taylor* only held that "reasonable procedures" is an affirmative defense in the context of a 15 U.S.C. section 1681i claim for failure to

---

[4] To the extent Plaintiff relies on *Lopez v. Nat'l Credit Reporting, Inc.,* No. C12-05166 HRL, 2013 WL 1999624, at *3 (N.D. Cal. May 13, 2013), this unpublished decision is unpersuasive because the court provided no explanation for its holding, merely stating that "[i]nasmuch as NCRI contends that Lopez fails to state a claim because the report is technically accurate, that contention is rejected" and citing dicta from *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009) which involved inaccuracies under 15 U.S.C. § 1681s-2(b).

conduct a reasonable reinvestigation—for which failure to follow reasonable procedures was not an element of Plaintiff's claim. *See Taylor*, 207 F. Supp. 3d at 1106. This is not the case here.

Accordingly, Plaintiff fails to adequately allege that AssureHire failed to follow reasonable procedures and his Section 1681e(b) claim should be dismissed.

### C. The Complaint Fails To State A Claim Under 15 U.S.C. § 1681k(a)

#### 1. AssureHire Provided The Report To Plaintiff And The Employer At The Same Time

Plaintiff belatedly concedes the crucial fact that he received a copy of the Report at the same time Employer did. Plaintiff does not oppose AssureHire's Motion to Dismiss on this basis. *See* Opp. at 21-22 ("Plaintiff acknowledges that the allegation that he never received the report was inaccurate."). AssureHire's counsel raised this issue repeatedly during the meet and confer process but Plaintiff's counsel refused to amend to address the issue. *See* Miller Decl. ¶ 5.

Now conceding that Plaintiff's Section 1681k(a) claim fails as pleaded, Plaintiff attempts to shift course and argues a new purported violation not alleged in the operative Complaint as the basis for his Section 1681k(a) claim. Plaintiff claims that the Report violated Section 1681k(a) solely because it did not include Employer's address. Opp. 21. This allegation is not pled in the Complaint. *See* Compl. ¶ 99; Dkt. 21-3 ¶ 108.

Even if it were pled, it would be futile because **Plaintiff admits he was not harmed by the purported failure to list Employer's address**. Opp. 23 ("Plaintiff does not seek recompense for Defendant's failure to provide the required notice under § 1681k(a)(1)."). Thus, Plaintiff cannot have Article III standing to bring a claim on this basis. This was a prospective employer after all, and surely Plaintiff knows its address. *See, e.g., Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016) ("Article III standing requires a concrete injury even in the context of a statutory violation. . . . [N]ot all inaccuracies cause harm or present any material risk of harm."); *Dutta v. State Farm*

10
ASSUREHIRE, INC.'S REPLY ISO MOTION TO DISMISS COMPLAINT

1  *Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1173 (9th Cir. 2018) ("[T]he plausible pleading of a flat out violation of a statutory provision will not necessarily support a civil law suit in federal court.").

Nor is it conceivable how Plaintiff could ever allege an injury by such a technical violation. The United States Supreme Court has held that, "bare procedural violations, divorced from any concrete harm" do "not suffice for Article III standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 440, 141 S. Ct. 2190, 2213 (2021) (citing *Spokeo*, 578 U.S. at 341). Thus, even if Plaintiff alleged any violations of FCRA on the part of AssureHire, they are mere technical, procedural violations that are not tied to any actual, concrete, particularized harm or injury. An "asserted informational injury that causes no adverse effects cannot satisfy Article III." *TransUnion LLC*, 594 U.S. at 442.

To the extent Plaintiff contends that the alleged failure to include Employer's address on the Report somehow amounts to a violation for failure "to maintain and implement strict procedures to ensure the accuracy and completeness of the information it reported" (Opp. 22-23), Plaintiff's reasoning is nonsensical and circular. Plaintiff already alleges a claim for purported inaccurate reporting under Section 1681e(b). To defeat Plaintiff's Section 1681k(a) claim, AssureHire need only meet one of the prongs under Section 1681k(a), which Plaintiff concedes AssureHire did. *See, e.g.*, *Hawkins v. S2Verify LLC*, No. C 15-03502 WHA, 2016 WL 107197, at *2 (N.D. Cal. Jan. 11, 2016) ("Section 1681k(a) has two prongs, and a credit reporting agency can satisfy it by doing one of two things, either (1) notifying the consumer that potentially adverse information is being reported about him at the time it is being reported, or (2) maintaining strict procedures to ensure the information being reported is complete and up to date.").

The Supreme Court put it best: "No concrete harm, no standing." *TransUnion LLC*, 594 U.S. at 442. Plaintiff lacks standing to assert his claims. This action should be dismissed with prejudice.

### 2. Plaintiff Fails To Show AssureHire Did Not Maintain Strict Procedures To Insure Its Report Was Complete

Plaintiff concedes the Report was provided to Plaintiff and Employer at the same time, so the Court need not even reach this prong of Plaintiff's 1681k(a)(2) claim. Even if the Court were to consider this prong, Plaintiff's Section 1681k(a) claim still fails because Plaintiff fails to allege well-pleaded facts showing that AssureHire failed to "maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date." 15 U.S.C. § 1681k(a)(2).

*First*, Plaintiff concedes that he fails to allege any facts as to what AssureHire's procedures were, let alone how they were deficient under the FCRA. Moreover, he fails to adequately allege AssureHire failed to adopt reasonable procedures. *See supra* § B.

*Second*, AssureHire cited caselaw from this District dismissing cases where, like here, Plaintiff conflates "completeness" and "accuracy." *See Doe v. Sterling Infosystems, Inc.*, No. CV1504770RGKAJWX, 2015 WL 13917196, at *5 (C.D. Cal. Dec. 21, 2015) ("While § 1681k(a)(2) requires 'complete' and 'up-to-date' information, it says nothing of accuracy; rather, the requirement that information be 'accurate' is found in an entirely different provision, § 1681e(b)."). Tellingly, Plaintiff fails to address this case and instead proposes his own novel reinterpretation of the statute unsupported by any case law. Opp. 25-26. Plaintiff's proposed statutory construction fails because "***the requirement that information be 'accurate' is found in an entirely different provision, § 1681e(b)***," under which Plaintiff already brings a claim. *Sterling Infosystems, Inc.*, 2015 WL 13917196, at *5. Plaintiff's strained attempts to recast his Section 1681k(a) claim as a duplicate of his Section 1681e(b) claim should be rejected.

### D. Plaintiff Fails To Show Actual Damages

Plaintiff's Opposition confirms that his claims for negligent violations of FCRA fail because he has no actual damages. *See* Opp. 16-17; 15 U.S.C. § 1681o(a)(1) (only "actual damages" may be recovered for a negligent violation of the FCRA). As such,

he lacks Article III standing because he has no injury. Here, Plaintiff confirms for the first time in his proposed amended complaint that even after being re-offered the job by Employer, **Plaintiff chose not to take the job**. Plaintiff cannot have been damaged by the temporary rescission of a job offer that he never intended to take.

To the extent Plaintiff now summarily claims that "as a recovering alcoholic, the personal stigma of Defendant's reporting had a ripple effect on Plaintiff's personal life," and that "[h]is fiancé believed that he had relapsed," and "Plaintiff [*sic*] own family members were frustrated that he could not longer [*sic*] control his purported alcoholism and could not hold back from expressing their disappointment and disgust when Plaintiff had to turn to them for financial assistance" (Opp. 16), **none of these allegations are found in the Complaint**. He cannot rely on allegations from a proposed amended complaint to defeat AssureHire's Motion to Dismiss the operative Complaint.

Even if Plaintiff had made these allegations in the operative Complaint, they are still insufficient to plausibly state a claim because Plaintiff fails to allege any facts that plausibly link AssureHire's false or inaccurate or negligent reporting (none of which is demonstrated) to the alleged nuclear fallout that he describes, complete with his family shunning him, his fiancée leaving him, falling into a debilitating depression, and financial ruin. Opp. at 7-8. No causal connection is demonstrated here. Plaintiff never alleges that his family members reviewed the Report, when they reviewed it, when the fallout occurred, and why his family members supposedly believed a report that Plaintiff says was so obviously incorrect on its face that even a cursory review would reveal the Report does not refer to him. *See, e.g.*, Compl. ¶¶ 49-55. Nor does Plaintiff offer any explanation for **why he waited at least six weeks until January 26, 2025 to dispute the Report**, which AssureHire promptly corrected within two days.

Plaintiff's nonsensical argument that, had he diligently reported the dispute, which he admits he did not, he would have still incurred a 31-day delay before starting work (Opp. 17) is wholly unsupported by the Complaint. Plaintiff alleges that the start date on his second job offer was only delayed because the Human Resources manager

happened to be out of office on vacation. See Compl. ¶ 73-74. Had Plaintiff diligently and promptly reported the discrepancy on or shortly after December 5, 2024 when he concedes he received the Report, the issue could have been corrected in two days, before his initial December 11, 2024 start date.

In sum, Plaintiff's allegations are entirely implausible and fail to demonstrate concrete, particularized harm sufficient for Article III standing. Because Plaintiff fails to plausibly allege that he was damaged by AssureHire at all, he lacks standing and his claims for negligent violation of the FCRA should be dismissed.

### E. **Plaintiff Fails To Show AssureHire Acted Willfully or Negligently**

Plaintiff's FCRA claims also fail because Plaintiff fails to allege well-pleaded facts showing that AssureHire acted willfully or negligently. *See* 15 U.S.C. § 1681n(a); 15 U.S.C. § 1681o(a). Plaintiff fails to address any of the substantial authority AssureHire cited from this District confirming that, in order to state a FCRA claim, "the plaintiff's complaint must allege specific facts as to the defendant's mental state . . . . Merely stating that the violation was 'willful' or 'negligent' is insufficient." *Abbink v. Experian Info. Sols., Inc.*, No. SACV191257JFWPJWX, 2019 WL 6838705, at *5 (C.D. Cal. Sept. 20, 2019); *see also Mnatsakanyan v. Goldsmith & Hull APC*, No. CV 12-4358 MMM PLAX, 2013 WL 10155707, at *7 (C.D. Cal. May 14, 2013) (same); *Syed v. M-I LLC*, No. CIV. 1:14-742 WBS, 2014 WL 4344746, at *3 (E.D. Cal. Aug. 28, 2014) (same); *Robles v. AMPAM Parks Mech., Inc.*, No. EDCV 14-02362-VAP, 2015 WL 1952311, at *5 (C.D. Cal. Apr. 28, 2015)) (same).

Nor does Plaintiff's Complaint state anywhere that AssureHire was "on notice of the potential inaccuracy" such that willfulness can be inferred. Opp. 18. To the contrary, the Complaint makes clear that as soon as Plaintiff finally raised the issue with AssureHire, AssureHire promptly issued a corrected Report only two days later. Compl. ¶¶ 65-72. AssureHire also included extensive disclosures compliant with both state law and the FCRA advising Plaintiff of his rights. *See* RJN Ex. A. Accordingly, Plaintiff's FCRA claims must be dismissed.

**F.     Plaintiff Fails To State A Claim Under Cal. Civ. Code § 1785.14**

Plaintiff concedes that his state law claims are predicated on his FCRA claims. *See* Opp. at 26. Accordingly, they fail for the same reasons.

**G.     Conclusion**

For the reasons set forth above, AssureHire respectfully requests that Plaintiff's Complaint be dismissed in its entirety, with prejudice. None of the proposed amendments in the proffered amended complaint would cure these material deficiencies. Plaintiff has no Article III standing. Because leave to amend would be futile, it should be denied. Once again, in the words of the United States Supreme Court in *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423, 141 S. Ct. 2190, 2203 (2021), "[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief. (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130 (1992)) 'If the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve.'" (citing *Casillas v. Madison Avenue Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019) (Barrett, J.)).

DATED: May 23, 2025

Respectfully submitted,

GLASER WEIL FINK HOWARD
    JORDAN & SHAPIRO LLP

By: */s/ Elizabeth A. Sperling*
    Elizabeth A. Sperling
    Alexander R. Miller
    Attorneys for Defendant
    AssureHire Inc.

...

## **L.R. 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for AssureHire Inc., certifies that this brief contains 3,788 words, which complies with the word limit of L.R. 11-6.1 and the Court's Standing Order section G(4).

DATED:  May 23, 2025

Respectfully submitted,

GLASER WEIL FINK HOWARD
   JORDAN & SHAPIRO LLP

By: */s/ Elizabeth A. Sperling*
   Elizabeth A. Sperling
   Alexander R. Miller
   Attorneys for Defendant
   AssureHire Inc.