UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN FLORES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ASSUREHIRE, INC.,<br><br>　　　　　Defendant. | Case No. 2:25-cv-01621-WLH-SK<br><br>**ORDER RE DEFENDANT'S MOTION TO DISMISS [15]** |

　　　Before the Court is Defendant's Motion to Dismiss (the "Motion"). (Mot. to Dismiss ("Mot."), Docket No. 15). No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. (*See* Standing Order, Docket No. 9 at 16). Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for June 6, 2025, is **VACATED**, and the matter taken off calendar. For the reasons explained herein, the Court **GRANTS** the Motion, thereby dismissing the action in its entirety. Though the first two causes of action are dismissed with prejudice, the third cause of action is dismissed without prejudice and with leave to amend.

## I. BACKGROUND

### A. Factual Background

Plaintiff Ruben Flores ("Plaintiff") brings the present action against Defendant AssureHire, Inc. ("Defendant") for alleged violations of the Fair Credit Reporting Act (the "FCRA") and its state law equivalent, the California Consumer Reporting Agencies Act (the "CCRAA"). (*See generally*, Compl., Docket No. 1). Defendant "is a consumer reporting agency [(a "CRA")] that compiles and maintains files on consumers on a nationwide basis." (*Id.* ¶ 2). Defendant "furnishes these consumer reports to employers who use the reports to make decisions regarding whether to offer employment to certain consumers." (*Id.*).

Plaintiff alleges that Defendant (1) failed to follow reasonable procedures to assure maximum possible accuracy in violation of 15 U.S.C. § 1681e(b) ("Section 1681e(b)"); (2) failed to follow reasonable procedures to assure maximum possible accuracy in violation of Cal. Civ. Code § 1785.14 ("Section 1785.14"); and (3) violated 15 U.S.C. § 1681k(a) ("Section 1681k(a)"), either by failing to provide notice of an unfavorable report to Plaintiff at the same time as his potential employer *or* by failing to maintain strict procedures to ensure report completeness. (*See generally id.*). Contending that these violations of the FCRA were negligent and/or willful, Plaintiff seeks actual and statutory damages, reasonable attorneys' fees and costs, in addition to punitive damages. (*Id.*).

Plaintiff alleges that in November 2024, he applied for employment as a field technician with Patriot Environmental Services (the "Potential Employer"). (Compl. ¶ 40). On or about November 25, 2024, Plaintiff received a job offer from the Potential Employer, which was contingent on his passing a background check. (*Id.* ¶¶ 42-43). On December 2, 2024, the Potential Employer then ordered a background check on Plaintiff to be performed by Defendant. (*Id.* ¶ 45). On or about December

5, 2024, Defendant completed its report (the "Report"),[1] "in accordance with its standard procedures," which it then provided to both Plaintiff[2] and the Potential Employer. (*Id.* ¶ 46; *see also* RJN, Docket No. 15-5, Ex. A ("Report")). Though Plaintiff does not allege what Defendant's standard procedures are, he contends that "[c]riminal background checks are generally created by running automated searches through giant databases of aggregated criminal record data[,]" which are "created and

---

[1] "Incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those same documents that weaken their claims. *Id.* Unlike judicial notice, a court may assume an incorporated document's contents are true for purposes of a motion to dismiss, with the caveat that it is "improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.* at 1003. A document may be deemed incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). To qualify as "extensively referenced," the complaint must cite the document at least more than once or quote from it at length; merely mentioning the existence of a document is insufficient. *Id.* at 1002-04. A document forms the basis of a claim when it serves as the foundation for an element of the claim. *See Id.* at 1005. Here, though the Report is both referenced extensively throughout the Complaint and forms the basis of Plaintiff's claims, it was not attached to the Complaint. (*See* Compl. ¶¶ 43, 46-48, 53-54, 56, 62-64, 70, 75, 84-85, 92, 101-02). Defendant requested that the Court take judicial notice of the Report – which it attached as Exhibit A to its request (*See* RJN, Docket No. 15-5, Ex. A (the "Report")) – but the Court, instead, deems the Report incorporated by reference.

[2] Though Plaintiff alleged in his Complaint that he did not receive the Report until December 18, 2024, (Compl. ¶ 62), this is directly contradicted by a declaration submitted by Defendant; this evidence is not only not disputed by Plaintiff but is conceded by Plaintiff in his Opposition. (Decl. of Alexander R. Miller in Supp. of Defendant's Mot. ("Miller Decl."), Docket No. 15-2 ¶¶ 4-6); (*see also* Opp'n to Mot., Docket No. 21 at 21) (conceding that despite Plaintiff's "not recall[ing] receiving that email on December 5, 2024," he "acknowledges that the allegation that he never received the report was inaccurate"). Plaintiff admits that "he did, in fact, receive the background report on December 5, 2024 . . ." (Opp'n to Mot. at 26). This is despite Defendant's explicit attempts to resolve this factual dispute through meet-and-confer efforts, which Plaintiff inexplicably rebuffed. (Miller Decl. ¶¶ 4-5). The purpose of Local Rule 7-3, as well as this Court's Standing Orders strictly enforcing it, is to "attempt to narrow the scope of contested issues." L.R. 7-3; (*see* Standing Orders, Docket No. 9 § G(1)). The Court admonishes Plaintiff's counsel to abide by all Local Rules and the Court's Standing Orders in the future, or risk sanctions.

disseminated with little to no manual, in-person review[.]" (*Id.* ¶ 32). On or about December 13, 2024, the Potential Employer informed Plaintiff that "his offer of employment had been rescinded as a direct result of the misdemeanor conviction reported by Defendant." (*Id.* ¶ 61).

Plaintiff contends that the Report "falsely attributed a misdemeanor conviction to Plaintiff[.]" (*Id.* ¶ 5). More specifically, the Report returned a potential match flagged as "consider" for a misdemeanor conviction for driving under the influence ("DUI") belonging to an individual named Ruben Flores in Madera County, California. (*Id.* ¶¶ 6, 48; *see also* Report at 2-3). Plaintiff alleges that "[a] simple review would have confirmed that the misdemeanor DUI conviction did not belong to Plaintiff" but that "Defendant failed to take this basic step . . ." (*Id.* ¶ 6). Though bearing the same name as Plaintiff and similarly residing in California, "the criminal records belonged to an entirely different individual" who Plaintiff alleges is "unmistakably distinguishable from Plaintiff by mug shot, address history, and Social Security number." (*Id.* ¶ 7). Thus, Plaintiff alleges that "proper quality control review" would have revealed "[t]his glaring error[.]" (*Id.* ¶ 38).

On or about January 26, 2025 – over six weeks after receiving the Report – Plaintiff "disputed the inaccurate information with Defendant, via email." (*Id.* ¶ 65). Plaintiff provided identifying information, including "a copy of his driver's license for comparison" and asked Defendant to "correct his consumer report and provide the corrected version to both [the Potential Employer] and himself." (*Id.* ¶ 69-70). The following day, Defendant confirmed that "the documentation had been forwarded to their Dispute Department." (*Id.* ¶ 71). On January 28, 2025, "Defendant provided Plaintiff with an updated report, which no longer included the misdemeanor conviction[.]" (*Id.* ¶ 72). After forwarding the updated report (the "Updated Report"), Plaintiff received a call from the Potential Employer, indicating the intention to issue a new offer letter once a representative from Human Resources returned from vacation. (*Id.* ¶ 73). Thereafter, Plaintiff received a second job offer

from the Potential Employer on February 14, 2025, with a start date of March 3, 2025. (*Id.* ¶ 74).  Plaintiff's Complaint does not make clear whether he accepted this job.[3]

Plaintiff alleges that the "inaccurate Report cost Plaintiff a good paying job and job security." (*Id.* ¶ 10).  Specifically, he alleges that the Report "caused damage to [] Plaintiff by leaving him unemployed for several additional months that he otherwise would have been employed . . ." (*Id.* ¶ 75).  Plaintiff further alleges that this Report "shattered his personal relationships[,]" including ending his engagement to his fiancé who "genuinely believe[ed] that Plaintiff was the convicted misdemeanant Flores[.]" (*Id.* ¶ 78).  In addition to economic damages, Plaintiff alleges "damage to his reputation; loss of sleep; lasting psychological damage; permanent family upheaval; loss of capacity for enjoyment of life; and severe emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and deep embarrassment because of stigma from [Plaintiff's] family and friends." (*Id.* ¶ 86).

---

[3] Defense counsel, again, explicitly sought to confirm this fact during the parties' meet-and-confer, but Plaintiff's counsel refused to oblige. (Miller Decl. ¶¶ 4-5). Furthermore, Plaintiff indicated he "would not be willing to amend the Complaint at this stage[,]" but then mystifyingly included a proposed First Amended Complaint ("Proposed FAC") attached to his Opposition. (*See* Proposed FAC, Docket No. 21-2, Ex. 1).  In the Proposed FAC – and in his Opposition – Plaintiff directly concedes that he never accepted the position. (*Id.* ¶ 80).  After learning this fact for the first time from Plaintiff's briefing (Miller Decl. ¶¶ 4-6; *see also* Reply, Docket No. 22 at 13), Defendant argues in his Reply Brief that "Plaintiff cannot have been damaged by a temporary recission of a job offer that he never intended to take." (Reply at 13). Defendant contends, therefore, that Plaintiff lacks Article III standing for failure to plead any injury. (Reply at 13).  The Court "need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). While the Court notes this argument is first raised in the reply brief through no fault of Defendant, the Court declines to evaluate this issue at this time.  The Court recognizes, however, that the admission of this fact very likely has implications for Plaintiff's Article III standing, which must be addressed in any amended complaint. Once again, the Court admonishes Plaintiff's counsel to adhere by the Local Rules and this Court's Standing Orders, as the failure to do so in the future will result in sanctions.  In short, this dilemma was entirely avoidable.

### B. Procedural Background

Plaintiff filed his Complaint on February 26, 2025. (*See* Compl.). On April 14, 2025, Defendant filed the Motion before the Court. The Motion is fully briefed.

## II. DISCUSSION

Before the Court is Defendant's Motion. For the reasons explained herein, the Court **GRANTS** the Motion, thereby dismissing the action in its entirety. While the first two claims are dismissed with prejudice, the third claim is dismissed without prejudice.

### A. Legal Standard

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). The complaint need not include detailed factual allegations but must provide more than a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate "only when [the complaint] fails to state a cognizable legal theory or fails to allege sufficient factual support for its legal theories." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016); *see* Fed. R. Civ. P. 12(b)(6).

"[The] court must 'draw all reasonable inferences in favor of the nonmoving party'" and take its non-conclusory allegations as true. *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014)). The court is not required, however, "to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . .").

Pursuant to Fed. R. Civ. P. 15(a)(2), when a motion to dismiss is granted, courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "'In the absence of any apparent or declared reason – such as undue delay,

bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." leave should be granted in conformity with Rule 15(a)(2). *Hall v. City of Los Angeles*, 697 F.3d 1059, 1073 (2012) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**B.      Analysis**

*1. Plaintiff Fails to State a Claim for Violation of Section 1681e(b)*

Section 1681e(b) governs the accuracy of consumer reports. 15 U.S.C. § 1681e(b). It provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." *Id.* To state a claim under Section 1681e(b), "a consumer must first 'make a *prima facie* showing of inaccurate reporting' by the CRA." *Shaw v. Experian Info. Solutions, Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (quoting *Caravalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010)) (internal quotation and citation omitted). For purposes of the FCRA, information is inaccurate where it is "either 'patently incorrect' or 'misleading.'" *Id.* (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1160 (9th Cir. 2009)).

Defendant argues that Plaintiff "fails to allege well-pleaded facts showing that the Report contains any 'inaccurate information[,]'" such that the claim fails. (Mot. at 12) (quoting *Riser v. Cent. Portfolio Control Inc.*, No. 3:21-cv-05238-LK, 2022 WL 2209648, at *3-4 (W.D. Wash. June 21, 2022)). In other words, Defendant contends that Plaintiff has failed to make the threshold showing that the Report was either patently inaccurate or misleading. The Court agrees with Defendant for the reasons explained herein.

a.      The Report Is Not Patently Inaccurate

Defendant contends that "Plaintiff does not, and cannot, dispute that the public record information reflected in the Report is in fact accurate." (Mot. at 13). Instead, Plaintiff only alleges that "[t]he criminal conviction reported by Defendant about

7

Plaintiff to [the Potential Employer] does not belong to Plaintiff." (Compl. ¶ 49). Thus, it is not Plaintiff's position that the underlying information reflected in the Report is inaccurate; rather, it is the association of this otherwise accurate information with Plaintiff that is inaccurate.

Plaintiff contends that "'matching facially accurate data to the wrong consumer necessarily creates an inaccuracy'" such that Plaintiff sufficiently made a *prima facie* showing that the Report was patently incorrect. (Opp'n to Mot. at 9-10) (quoting *Kulb v. ChexSystems, Inc.*, No. 24-1390, 2025 WL 1071423, at *2 (E.D.Pa. Apr. 8, 2025)). The Court is not persuaded by this out-of-circuit, non-binding case law, as explained below.[4]

First, that case was in a different posture, as it was at the summary judgment stage, rather than the pleading stage. *Id.* Accordingly, *Kulb* does not bear directly on the pleading standards of Section 1681e(b). Second, *Kulb* is factually distinguishable from the instant matter. The court there had concluded that there existed a "a clear factual dispute" as to whether the report in that case contained inaccuracies. *Id.* This is because there was evidence demonstrating that the defendant had affirmatively reported to Goldman Sachs Bank USA that the plaintiff was deceased, who was not deceased; the issue there was *not* that the defendant CRA had produced a report indicating that someone bearing the plaintiff's name was deceased. *Id*. This is a critical factual distinction. Finally, the court there was not analyzing whether the plaintiff had made the threshold showing of inaccurate reporting, but rather was addressing a separate issue. The court there was considering whether the defendant's

---

[4] In the other case Plaintiff cites to – *Heras v. Nelnet, Inc.*, Case No. CV 16-6388 FMO, 2017 WL 4586334, at *4 (C.D. Cal. Apr. 28, 2017) – the court *granted* the defendant's motion to dismiss for failure to sufficiently allege how the reported items on his credit report "were or are inaccurate." *Id.* at *4. Accordingly, the Court finds this case fails to support Plaintiff's argument. Plaintiff also cited to *Troy v. Equifax Info. Servs., LLC*, No. CV-20-01447-PHX-SPL, 2021 WL 3191232, at *2 – but only for purposes of restating the pleading standard. Merely reiterating the pleading standard fails to lend support to Plaintiff's argument.

procedures were "per se reasonable because [they] rel[y] on information from official government records." *Id.* The court concluded that while "it is certainly reasonable to presume the accuracy of official government records, such reliance by a CRA does not by itself guarantee that *its* records are accurate, because matching facially accurate data to the wrong consumer necessarily creates an inaccuracy." *Id.* Thus, the court concluded that summary judgment as to the reasonableness of the defendant CRA's procedures was "not appropriate" and denied the defendant's motion. *Id.* The Court, therefore, finds this case inapposite, in addition to being out-of-circuit and non-binding.

Thus, Plaintiff has not presented – nor is the Court aware of any – case law suggesting that a CRA's producing an otherwise facially accurate report is "patently inaccurate" under Section 1681e(b) by virtue of merely associating that otherwise correct information with an individual who is not the subject of those records. This is particularly so where, as emphasized by Defendant, the Report "never represented that the conviction belonged to Plaintiff." (Mot. at 13). Rather, the "Report indicates only that [Defendant] searched public records using the identifying information provided to it and accurately report[ed] information copied from public records and that, based on the information provided, the employer should 'consider' whether the entry potentially relates to Plaintiff or whether it may be 'inaccurately associated with the consumer who is the subject of the report.'" (*Id*; *see also* Report at 1). The Court agrees and concludes that the Report was not patently inaccurate.

### b. The Report Is Not Misleading

Plaintiff argues that "[e]ven if the criminal record information was facially accurate, [the Report] was misleading because it failed to disclose that the criminal record belonged to a different consumer." (Opp'n to Mot. at 10). The Court disagrees.

"Courts have concluded that a CRA's failure to provide additional information to explain the significance of an otherwise accurate report entry is not the type of

9

misleading omission that is sufficient to fulfill the inaccuracy element of a [Section] 1681e(b) claim." *Braun v. TransUnion LLC*, No. CV 19-06098-CJC, 2019 WL 13083348, at *2 (C.D. Cal. Oct. 10, 2019). Here, Plaintiff's position is that the report was misleading because it did not include additional information to explain that that otherwise accurate record entry did *not* relate to Plaintiff.[5] Accordingly, the Court rejects this argument.[6]

In sum, the Court finds that Plaintiff has failed to make the threshold showing that the Report was either patently inaccurate or misleading.[7] Accordingly, the Court **GRANTS** the Motion to dismiss with respect to the first cause of action. Finding amendment would be "futile," this dismissal is with prejudice. *Hall*, 697 F.3d at 1073 (quoting *Foman*, 371 U.S. at 182).

  *2. Plaintiff's CCRAA Claim Fails with FCRA Claim*

"[T]he CCRAA is "'substantially based on the [FCRA][.]" *Caravalho*, 629 F.3d at 889 (quoting *Olson v. Six Rivers Nat'l Bank*, 111 Cal.App.4th 1, 12 (2003)).

---

[5] Once again, Plaintiff cited to an inapposite case. *See Sanchez v. Experian Info. Solutions, Inc.*, 2017 WL 11634982 (C.D. Cal. May 8, 2017). First, that case is at the summary judgment phase and, therefore, does not bear directly upon the pleading standard of Section 1681e(b). *Id.* at *1. Furthermore, the case is factually distinguishable where, in that case, there was evidence that the defendant "maintained an inaccurate Social Security number on file connected to [the] [p]laintiff's account[.]" *Id.* at *4. The Court reiterates that, in the instant matter, there is no contention that the underlying information within the Report was inaccurate – only that it was information not attributable to Plaintiff.

[6] Furthermore, with respect to the allegedly misleading nature of the Report, Defendant highlights that "Plaintiff makes irreconcilable claims that his fiancée and family believed the report was about him (Compl. ¶ 78) when '[a] cursory review of the widely available public court records confirms that the criminal records belongs to a distinct and unrelated male[.]'" (Reply at 8) (quoting Compl. ¶ 51). The Court agrees with Defendant. It is challenging to conclude *both* that the information within the Report so obviously did not apply to Plaintiff that Defendant should have noticed *and* was simultaneously so convincingly applicable to Plaintiff that it misled his fiancé and entire family. Both things seemingly cannot be true.

[7] The Court, therefore, declines to reach the remainder of Defendant's arguments about whether any purported inaccuracy within the Report was due to Defendant's failure to follow reasonable procedures, having found Plaintiff failed to make a *prima facie* showing that the Report was inaccurate within the meaning of the FCRA.

Section 1785.14 is "substantially identical" to Section 1681e(b) under the FCRA. *Galea v. Wells Fargo Bank, N.A.*, 388 F.Supp.3d 1212, 1217 (E.D. Cal. Aug. 1, 2019). Thus, courts apply the same "'patently incorrect or materially misleading' standard[]" applied in FCRA cases. *Id.* (quoting *Gorman*, 584 F.3d at 1160); *see also Galea*, 388 F.Supp.3d at 1217 (applying the "patently incorrect or materially misleading" standard to a Section 1785.14 claim).

Defendant argues that "Plaintiff's claim under Section 1785.14 is predicated on the exact same facts and legal theories as his FCRA claims[,]" such that the Section 1785.14 claim "fails for the same reasons Plaintiff's FCRA claims fail[.]" Plaintiff concedes that the Section 1785.14 claim is "substantially identical to" the Section 1681e(b) claim, arguing only that his "state law claims are well-pled" "[f]or the same reasons describe [*sic*] above," ostensibly referring to arguments made with respect to the Section 1681e(b) claim. (Opp'n to Mot. at 26). Given that the Court has already rejected all of these arguments, the Court agrees with Defendant.

Accordingly, the Court **GRANTS** the Motion with respect to the second cause of action for a violation of Section 1785.14 of the CCRAA. Finding amendment would similarly be "futile," this dismissal is with prejudice. *Hall*, 697 F.3d at 1073 (quoting *Foman*, 371 U.S. at 182).

### 3. Plaintiff Fails to State a Claim for Violation of Section 1681k(a)

Section 1681k(a) governs the furnishing of consumer reports for employment purposes, in situations where matters of public record are compiled and reported that "are likely to have an adverse effect upon a consumer's ability to obtain employment[.]" 15 U.S.C. § 1681k(a). Section 1681k(a) contains two prongs, at least one of which must be satisfied. It provides that whenever a CRA, such as Defendant, provides such a report, it must *either* (1) "at the same time" it provides it to a prospective employer "notify the consumer of the fact that public record information is being reported . . . together with the name and address of the person to whom such information is being reported;" *or* (2) "maintain strict procedures designed to insure

11

that whenever public record information . . . is reported it is complete and up to date." *Id.* § 1681k(a)(1)-(2) (emphasis added).

Defendant argues, therefore, that to successfully state a claim, a Plaintiff "must allege sufficient, well-pleaded facts showing that [Defendant] did neither[,]" which is not the case here. (Mot. at 16); *see, e.g., Hawkins v. S2Verify LLC*, No. C 15-03502 WHA, 2016 WL 107197, at *2 (N.D. Cal. Jan. 11, 2016) ("Section 1681k(a) has two prongs, and a credit reporting agency can satisfy it by doing one of the two things, either (1) notifying the consumer that potentially adverse information is being reported about him at the time it is being reported, or (2) maintaining strict procedures to ensure the information being reported is complete and up to date"). The Court agrees with Defendant.

Plaintiff's Complaint alleges that Defendant's "fail[ure] to notify Plaintiff of the adverse public records information it had provided to [the Potential Employer]" when it was provided to the Potential Employer amounts to a violation of Section 1681k(a). (Compl. ¶¶ 99-106, 62). Plaintiff in his Opposition, however, concedes that he did, in fact, receive the Report on December 5, 2024, at the same time it was provided to the Potential Employer. (Opp'n to Mot. at 21, 27). Given Defendant's mandate under Section 1681k(a) to provide *either* this simultaneous notice under subsection one *or* maintain strict procedures ensuring completeness of information under subsection two, the Court concludes such mandate was fulfilled. *See* 15 U.S.C. § 1681k(a)(1)-(2). The Court, therefore, **GRANTS** the Motion with respect to the Section 1681k(a) claim.

The only question left with respect to this claim is whether its dismissal is with or without prejudice. Defendant urges the Court to dismiss the claim with prejudice, as any amendment would be "futile[.]" (Reply at 10). For the reasons explained herein, the Court dismisses this claim without prejudice and grants leave to amend.

"Facts raised for the first time in plaintiff's opposition papers should be considered by the court in determining whether to grant leave to amend." *Broam v.*

*Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).  Having conceded receipt of the Report on December 5, 2024, Plaintiff newly contends in his Opposition that the failure to include the physical address of the employer within the Report is what amounts to a violation of Section 1681k(a).[8]  (Opp'n to Mot. at 21-22).  The Court agrees that, technically, the failure to include the Potential Employer's address would mean Section 1681k(a)(1) is not satisfied.[9]

Though the Court need not reach the question of whether Defendant maintained strict procedures ensuring completeness of information within the meaning of Section 1681k(a)(2) at this time – having found Section 1681k(a)(1) satisfied by the current iteration of the Complaint – the Court briefly addresses this issue in the interest of efficiency, should Plaintiff choose to amend.  As stated, a Plaintiff must demonstrate that a Defendant has complied with *neither* prong to state a claim under Section 1681k(a).  *Hawkins*, 2016 WL 107197, at *2 (emphasizing that a plaintiff must allege a defendant has failed to comply with both prongs to state a claim under Section 1681k(a)).

---

[8] Plaintiff requests that the Court take judicial notice of the fact that no address for the Potential Employer is included on the Report.  (Opp'n to Mot. at 28).  Plaintiff has done so without filing it "as a separately docketed attachment to the main docket entry with a description of the attachment[.]"  (Standing Orders at 5).  The Court, therefore, "decline[s] to consider" this request as it was not "filed in accordance" with the Court's Standing Orders.  (*Id.*).  Furthermore, Plaintiff's request for "a summary judgment finding at this stage that the [Section] 1681k(a) notice was deficient as a matter of law" is unsupported by any case law and inappropriate at this stage.  (*Id.*).

[9] The United States Supreme Court has recognized that "bare procedural violations, divorced from any concrete harm" will "not suffice for Article III standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 440 (2021); *see also Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1173 (9th Cir. 2018) ([T]he plausible pleading of a flat-out violation of a statutory provision will not necessarily support a civil law suit in federal court[,]" as bare, procedural violations "will not constitute injury-in-fact as demanded by Article III").  Defendant argues that "Plaintiff cannot have Article III standing to bring a claim on this basis."  (Reply at 1).  Plaintiff does not explain how the failure to include the Potential Employer's address caused injury, indicating only that ". . .the absence of the employer's address . . . need not independently produce harm . . ."  (Opp'n to Mot. at 23).  Thus, while the Court harbors doubt that this claim would survive an Article III challenge on this basis, it nevertheless dismisses this cause of action without prejudice.

Defendant argues that, not only has Plaintiff "fail[ed] to allege any facts as to what [Defendant's] procedures were," but, more importantly, Plaintiff has improperly "conflate[d] 'completeness' and 'accuracy.'" (Reply at 12). The Court agrees; Plaintiff's allegations go to the accuracy of the information, rather than the completeness of it. The court in *Doe v. Sterling Infosystems, Inc.* analyzed the meaning of "completeness" in this context – emphasizing it is a concept entirely distinct from accuracy. No. 15-04770 RGK, 2015 WL 13917196, at *5 (C.D. Cal. Dec. 21, 2015). There, the Court noted that "[Section] 1681k(a)(2) requires 'complete' and 'up-to-date' information, [and] it says nothing of accuracy[.]" *Id.* (quoting Section 1681k(a)(2)). The court highlighted that "just because a report contains gratuitous and factually false information, thereby making it 'inaccurate,' does not mean it is missing pertinent information to render it 'incomplete.'" *Id.* In other words, completeness requires that there is no missing information, whereas accuracy requires that there is no false information. *Id.* The Court finds that in the instant matter there are no allegations that material facts were missing, such that Plaintiff's claim also fails under Section 1681k(a)(2). In the event Plaintiff can meaningfully cure this deficiency, the dismissal of this claim is without prejudice.[10]

---

[10] Given the Court's conclusion that Plaintiff has failed to state a claim for either alleged violation of the FCRA, it need not reach the question of whether these alleged violations were willful or negligent. Significantly, however, the FCRA only provides "for compensation in the form of actual damages and attorneys' fees if a [CRA] negligently fails to comply with any provision of [the] FCRA." *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1332 (9th Cir. 1995); *see also* 15 U.S.C. § 1681o. Accordingly, a plaintiff alleging negligent violation must allege actual damages. *Abbink v. Experian Info. Solutions, Inc.*, 2019 WL 6838705, at *5 (C.D. Cal. Sept. 20, 2019). A demonstration of "willful noncompliance[]" also allows a plaintiff to recover punitive damages. *Guimond*, 45 F.3d at 1332.; *see also* 15 U.S.C. § 1681n. The Court expresses significant doubt that Plaintiff can demonstrate actual damages, given the admission that he ultimately declined the job.

14

### III. CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**, such that the action is dismissed in its entirety. The first and second causes of action – for violations of Section 1681e(b) of the FCRA and Section 1785.14 of the CCRAA, respectively – are dismissed with prejudice. The third cause of action – for violation of Section 1681k(a) of the FCRA – is dismissed without prejudice. Should Plaintiff choose to file an amended complaint, the Court **ORDERS** him to do so within twenty-one (21) days of this Order.

**IT IS SO ORDERED.**

Dated: June 2, 2025

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE