UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-01621-WLH-SK | Date | October 10, 2025 |
|---|---|---|---|
| Title | *Ruben Flores v. AssureHire, Inc.* | | |

| Present: The Honorable | WESLEY L. HSU, United States District Judge |
|---|---|

| Holidae Crawford | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** **(IN CHAMBERS) ORDER RE DEFENDANT'S MOTION TO DISMISS [27]**

The Court is in receipt of Defendant AssureHire, Inc. ("Defendant") Motion to Dismiss (the "Motion"). (Mot., Docket No. 27). No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. (*See* Standing Order, Docket No. 9 at 16). Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for October 17, 2025, is **VACATED** and the matter taken off calendar. For the reasons explained herein, the Court **GRANTS** the Motion and **DISMISSES** the action with prejudice.

On February 26, 2025, Plaintiff Ruben Flores ("Plaintiff") filed a Complaint against Defendant AssureHire, Inc. ("Defendant") for alleged violations of the Fair Credit Reporting Act (the "FCRA") and its state law equivalent, the California Consumer Reporting Agencies Act (the "CCRAA"). (*See generally* Compl., Docket No. 1). On April 14, 2025, Defendant moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedures 12(b)(6). (Docket No. 15). On June 2, 2025, the Court granted Defendant's motion to dismiss in its entirety, dismissing the first and second causes of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

action (for violations of Section 1681e(b) of the FCRA and Section 1785.14 of the CCRAA, respectively) with prejudice, while dismissing the third cause of action (for violation of Section 1681k(a) of the FCRA) without prejudice. *Id*. The Court ordered Plaintiff (if he so chose) to file an amended complaint no later than twenty-one (21) days from the filing of the order (June 23, 2025). *Id*. Instead of filing an amended complaint, Plaintiff prematurely filed a notice of appeal to the Ninth Circuit Court of Appeals (Docket No. 24), which was subsequently dismissed for lack of jurisdiction on August 27, 2025. (Docket No. 26). On September 16, 2025, Defendant filed this instant motion, and Plaintiff did not file an opposition to Defendant's motion. (Mot.). To date, Plaintiff has not filed an amended complaint.

Federal Rule of Civil Procedure 41(b) permits a defendant to move for dismissal of the action if "the plaintiff fails to prosecute or comply with" the Federal Rules or court orders. Fed.R.Civ.P. 41(b). "A district court may dismiss an action with prejudice when a plaintiff fails to file an amended complaint within the allotted time period." *Am. W. Door & Trim v. Arch Specialty Ins. Co.*, 2015 WL 13048440, at *1 (C.D. Cal. Apr. 15, 2015). "[T]he district court has discretion to dismiss a complaint with prejudice as a sanction for the plaintiff's failure to amend within the time established by the court's order." *Id.* at *1 (C.D. Cal. Apr. 15, 2015) (citing *Tok Cha Kim v. CB Richard Ellis Haw., Inc.*, 2006 WL 3359222, at *4 (D. Haw. Nov. 16, 2006)). A court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the complaint. *See Bautista v. L.A. Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000).

The Court finds that involuntary dismissal of this action with prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute was appropriate because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Plaintiff failed to: (1) file an amended complaint within the allotted time (or at any time up to this point) and (2) file an opposition to Defendant's Motion to Dismiss.[1]

For the reasons stated herein, the Court **GRANTS** Defendant's Motion and **ORDERS** this action dismissed with prejudice.

**IT IS SO ORDERED.**

---

[1] Except for Rule 56 motions, the Central District of California Local Rule 7-9 requires an opposing party to file an opposition to motion at least twenty-one (21) days prior to the date designated for hearing the motion. C.D. Cal. L.R. 7-9; *see also Guevara v. Wells Fargo Bank, N.A.*, 2016 WL 10988572, at *2 (C.D. Cal. June 27, 2016) (finding plaintiffs' failure to oppose the motion to dismiss is in effect a concession that their claims lack merit).